## 48091. SHEARER et al. v. THE STATE.

EBERHARDT, Presiding Judge. The defendants were convicted of the offenses of theft by taking and possessing burglary tools. They appeal from the denial of their motions for new trial, as amended. *Held:*

1. The general grounds are without merit.

2. Error is claimed in the failure of the court to allow defendants to enter a plea of guilty to each of the charges and receive suspended sentences. Defendants assert that the sheriff had indicated to them that if pleas of guilty were entered the judge might very well give them suspended sentences of five years.

There is no evidence in the record to support this claim. It appears that at the opening of the trial counsel for the defendants moved the court that they be allowed to enter pleas of guilty and take suspended sentences of five years, as (allegedly) had been proposed to them by the sheriff, in exchange for their assistance in gaining information relative to an escape from the jail, stating that the defendants stood willing to assist the sheriff. The court promptly overruled the motion, asserting "no matter what somebody else told them, I don't care if it was the District Attorney's office, if they told them what I would do, it cannot bind this court. No person on the face of the earth can bind this court, except the court." Whereupon pleas of not guilty were entered and the cases were tried. If the guilty pleas had been accepted and it had appeared from competent evidence

that the sheriff had made the proposal of lenience upon which the defendants had acted and had relied upon getting suspended sentences it would indicate a lack of voluntariness in entering the pleas, entitling them to withdraw and plead not guilty. But the guilty pleas proffered were never accepted or entered, and we can see no harm resulting. The judge was right; the sheriff could not bind the court as to what sentences might be meted out if pleas of guilty were entered. His course of action in refusing to accept the proffered pleas was correct. Defendants had no absolute right to have their guilty pleas accepted. Lynch v. Overholser, 369 U. S. 705, 719 (82 SC 1063, 8 LE2d 211); North Carolina v. Alford, 400 U. S. 25 (91 SC 160, 27 LE2d 162, 172, fnt. 12). This enumeration is without merit.

3. It is contended that the tools, alleged to have been burglary tools, were only those ordinarily used by a mechanic or a carpenter, and thus that there was no proof that they were burglary tools. Mr. Jerald Reed, the county investigator, attached to the sheriff's office, testified that the tools removed from the car in which the defendants were apprehended were such as could be and usually were used in the commission of burglaries, the tools being a crowbar, a vice grip, a crescent wrench, a pinch bar and a screwdriver. This enumeration is without merit.

4. It is contended that the tools were obtained by searching the automobile without a search warrant and that it was not conducted in connection with their arrest. It appears that a "money bank," or changer, containing in excess of fifty dollars, had been removed from a washeteria at Ringgold during the late evening or early part of the night, that a report of it was made to the sheriff's office and that a deputy and a Mr. Simmons went out Highway 41 from Ringgold looking for those who might have taken it. When he came up behind the station wagon in which the defendants were

riding he saw what appeared to be the money bank in plain view and stopped them. The defendants were asked whether they had driver's licenses and they replied that they did not, whereupon they were arrested for driving without a license and brought in to the jail. The object in the station wagon was the money bank or changer that had been taken from the washeteria.

The deputy took the defendants in his car, and had Mr. Simmons, who had accompanied him, to drive the defendants' car in behind them. At the jail the money bank was removed from the station wagon, and a search of the car was made in which the tools were found.

While the search was made without a warrant, it was in connection with a valid arrest and upon reasonable grounds, for ascertaining whether other stolen property might be in it. *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286). This enumeration is without merit.

5. It is contended that the tools were not used in connection with the taking of the money bank and that the evidence does not authorize a finding that they were intended for use in the commission of a crime. It does appear that the pinch bar had paint on it like that on the wall of the washeteria, which was a strong circumstance indicating that it got on the bar when the money bank was pried loose from the wall. Further, the evidence as to the removal of the money bank is clear, and the method of removing it was like unto that employed in the commission of burglaries, or at least the jury was authorized so to find. These facts, together with the fact of possession of the tools, was sufficient to authorize the jury to find that the tools had been possessed with an intent to use them in the commission of a crime. Intent or lack thereof is a matter of fact for resolution by the jury. *Farlow v. State,* 59 Ga. App. 881 (2 SE2d 500).

6. There is enumeration of error asserting that testimony by Mr. Abney, owner of the washeteria, that a phone call had come to his house from an employee, which the witness' wife had answered, over the objection that the testimony as to who had made the call was hearsay. The record indicates that the court ruled: "I am going to overrule your objection—no, I'll sustain it." No error is shown.

7. Error is enumerated on a portion of the charge relative to recent possession of stolen goods: "I charge you that if the crime of theft by taking should have been committed as charged in this bill of indictment in count one, and certain personal property as set forth in the bill of indictment was stolen as a result of such crime, and if recently thereafter the defendants should be found in possession of the stolen property, or any of the stolen property, that would be a circumstance along with all of the other evidence adduced from which the jury may infer guilt as to the particular count in the indictment which charges theft of that particular property, if you see fit to do so, unless, of course, the defendant should make an explanation of his possession of the stolen property consistent with his plea of innocence, which again is a question for you to determine."

This charge appears to have been substantially, if not verbatim, lifted from *Aiken v. State,* 226 Ga. 840, 843 (178 SE2d 202), which had the approval of all Justices of the Supreme Court, and where the objections to the charge were substantially broader than but included those urged here. We find no error.

8. There was no error in the admission of the burglary tools themselves.

*Judgments affirmed. Pannell and Stolz, JJ., concur.*

Submitted April 10, 1973 — Decided April 16, 1973.

*J. Donald Bennett,* for appellants.

*Earl B. Self, District Attorney, Wm. Ralph Hill, Jr.,* for appellee.