## 65979. ECHOLS v. THE STATE.

POPE, Judge.

Franklin D. Echols brings this appeal from his convictions of aggravated assault and recidivism. *Held:*

1. Defendant was indicted on three counts: (1) aggravated assault, (2) simple battery, and (3) recidivism. Counts 1 and 2 were in fact the same transaction yet fictitiously set forth as two separate crimes. See generally in this regard *Mobley v. State,* 101 Ga. App. 317, 326 (113 SE2d 654) (1960); *Tooke v. State,* 4 Ga. App. 495 (3) (61 SE 917) (1908). Defendant attempted to plead guilty to Counts 2 and 3 at his arraignment hearing held April 30, 1982. The trial court deferred a decision until a later hearing on May 12, 1982, at which time he

refused to accept the plea. Defendant renewed his guilty plea immediately before trial and was again denied. As his first enumeration of error on appeal, defendant challenges the trial court's refusal to accept his guilty plea.

Defendant recognizes the general rule that a trial court is not required to accept a criminal defendant's plea of guilty. Accord, *Strickland v. State,* 199 Ga. 792, 800 (35 SE2d 463) (1945); *Shearer v. State,* 128 Ga. App. 809 (2) (198 SE2d 369) (1973); *Griffin v. State,* 12 Ga. App. 615 (6) (77 SE 1080) (1913); North Carolina v. Alford, 400 U. S. 25, 38 n. 11 (91 SC 160, 27 LE2d 162) (1970); United States v. Jackson, 390 U. S. 570, 584 (88 SC 1209, 20 LE2d 138) (1968); Lynch v. Overholser, 369 U. S. 705, 719 (82 SC 1063, 8 LE2d 211) (1962); 21 AmJur2d, Criminal Law, § 486. He argues, however, that OCGA § 17-7-93 (formerly Code Ann. § 27-1404), which requires inter alia that a criminal defendant answer whether he is guilty or not guilty of the offense(s) charged in the indictment, precludes a trial court's absolute exercise of discretion regarding the acceptance or rejection of a guilty plea. He further asserts that the discretion possessed by courts to accept or reject a guilty plea is based on the desire to protect the interests of the criminal defendant. We find these contentions creative but without merit under the circumstances in this case.

The *acceptance* of a guilty plea must be accompanied by an affirmative showing that it is being made intelligently and voluntarily, because "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1969); see also *State v. Germany,* 246 Ga. 455 (1) (271 SE2d 851) (1980). The *rejection* of a guilty plea entails no such showing. "The law favors a trial on the merits. *Gauldin v. Crawford,* 30 Ga. 674 (5) [(1860)]. It does not encourage confessions of guilt, either in or out of court. Affirmative action on the part of the prisoner is required before he will be held to have waived the right of trial, created for his benefit. If he refuses to plead, the court pleads not guilty for him, and he is put upon his trial." *Griffin v. State,* supra at 622. He enters upon his trial cloaked in the presumption of his innocence, the burden being upon the state to prove guilt beyond a reasonable doubt.

It is obvious that defendant's strategy in this case was to avoid prosecution and likely conviction under Count 1 of the indictment, a felony, by pleading guilty to Count 2, a misdemeanor, thus obtaining a lesser punishment for his misdeed. However, this strategy is of no avail, for "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted

for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other...." OCGA § 16-1-7 (a) (formerly Code Ann. § 26-506 (a)); *State v. Estevez*, 232 Ga. 316 (2) (206 SE2d 475) (1974). Thus, defendant's guilty plea to Count 2 of the indictment would not have precluded the state's continued prosecution of Count 1, for in our view the guilty plea to part of the indictment would not have transformed a trial on the remaining portions of the indictment into a prohibited second prosecution of the same criminal transaction. See generally *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976), cert. den., Keener v. Georgia, 433 U. S. 911 (97 SC 2980, 53 LE2d 1096) (1977). If defendant were to have been allowed to plead guilty to Count 2 and if he had been thereafter tried and convicted of Count 1, defendant's "conviction" of the lesser offense of simple battery in Count 2 would have merged into the greater offense of aggravated assault in Count 1. See generally *Pryor v. State,* 238 Ga. 698 (2) (234 SE2d 918), cert. den., Pryor v. Georgia, 434 U. S. 935 (98 SC 422, 54 LE2d 294) (1977). Under the circumstances in this case, if defendant had been allowed to plead guilty to Count 2, the only result would have been to remove consideration thereof from the jury, a circumstance not likely to inure to his benefit. The trial court did not abuse its discretion in refusing to accept defendant's guilty plea for any reason assigned.

2. Defendant's remaining enumeration asserts as error the trial court's overruling his motion for mistrial based upon testimony of the victim purportedly placing defendant's character in issue. However, our review of the transcript in this regard discloses that the objectionable testimony was in fact part of the res gestae of the crime and, as such, was properly admitted by the trial court. Thus, this enumeration of error is without merit. *Mosley v. State,* 150 Ga. App. 802 (2) (258 SE2d 608) (1979); *Guthrie v. State,* 147 Ga. App. 351 (6) (248 SE2d 714) (1978).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1983 —
REHEARING DENIED JULY 6, 1983 ▮

John H. Affleck, for appellant.

Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, for appellee.