## S98A0386. FLANIGAN v. THE STATE.
(496 SE2d 255)

CARLEY, Justice.

A jury found Willis Flanigan guilty of malice murder and possession of a firearm during the commission of a crime. After entering judgments of conviction on the jury's verdicts, the trial court sentenced Flanigan to life imprisonment for the murder and to a consecutive one-year term for the possession of a firearm offense. Flani-

gan's motion for new trial was denied and he appeals.[1]

1. Flanigan contends that the evidence is not sufficient to authorize his conviction for malice murder. The victim was Consweyla Jones. Flanigan and Ms. Jones shared a room at a boarding house which was ostensibly for men only. The day before the homicide, the two quarreled and Ms. Jones twice called the police. On the second of these occasions, she claimed that Flanigan had a gun and was going to kill her. To defuse the situation, the police and the resident manager of the boarding house told Ms. Jones that she should leave. She did leave the next morning, but later returned when O.J. Smith, another boarding house resident, offered her the use of his room because he would not be occupying it that night. Upon Flanigan's discovery of Ms. Jones' return, a verbal altercation erupted which then escalated and eventually culminated in him firing the shots that killed her. According to an officer, Flanigan made an on-the-scene statement to the effect that he did not "know if she had anything in her hand or not. [He] just started out shooting. . . . [His] mind just clicked and [he] lost control there for a minute." This account of the shooting was consistent with Flanigan's subsequent in-custody statement which was videotaped. After conferring with trial counsel, however, Flanigan summoned officers and told them for the first time that he had seen "something shiny" in Ms. Jones' hand. At trial, Flanigan testified that Ms. Jones had "come at [him] with a knife in her hand."

This evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Flanigan's claim of self-defense was a recent fabrication and that he was guilty of the malice murder of Ms. Jones. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Connor v. State*, 268 Ga. 656, 657 (1) (492 SE2d 669) (1997).

2. In the motion for new trial, Flanigan's newly appointed appellate counsel raised the issue of the effectiveness of trial counsel. At the hearing on the motion, trial counsel appeared and testified with regard to his defense of Flanigan. After the hearing, the trial court found that Flanigan had received effective legal representation. Although recognizing that the trial court's finding must be affirmed unless clearly erroneous, Flanigan nevertheless urges that his trial counsel provided him with ineffective assistance. See generally *John-*

---

[1] The crimes were committed on October 27, 1995 and the grand jury indicted Flanigan on April 5, 1996. The jury returned its guilty verdicts on November 21, 1996. Flanigan filed his motion for new trial on December 12, 1996 and the trial court denied that motion on October 9, 1997. Flanigan filed his notice of appeal on November 6, 1997 and the case was docketed in this Court on November 26, 1997. The appeal was submitted for decision on January 20, 1998.

*son v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

As to the four instances cited by Flanigan, the record shows that the trial court was authorized to find the following:

(a) Flanigan's trial attorney did not seek funds for an expert to determine the integrity of the videotape of Flanigan's in-custody interview. However, counsel testified that this decision was based upon his own personal review of the videotape, with the prosecutor and again with Flanigan, which revealed no indication of any alteration. Flanigan's attorney discounted the possibility that the videotape had been subjected to more sophisticated alterations, since there was nothing to indicate that the State would have expended the funds necessary to create a seemingly unaltered videotape.

(b) Although he did not conduct a pre-trial interview of Mr. Smith, counsel explained that this was because Mr. Smith was a transient who could not be easily located. Moreover, the lack of an interview did not hinder preparation for cross-examination, since Mr. Smith's testimony at trial was consistent with his pre-trial statement and Flanigan's lawyer had a copy of that statement.

(c) Trial counsel did not seek to introduce into evidence a knife which officers had found lying on a table in Mr. Smith's room on the night of the homicide. According to the attorney, however, this knife was not considered relevant to the defense, since it presumably belonged to Mr. Smith, not Ms. Jones, and Mr. Smith had accounted for its discovery in a location where Ms. Jones could not have dropped it when she was shot. Mr. Smith had no motive to discredit Flanigan's claim of self-defense. Even if Mr. Smith did have such a motive, he presumably would have removed the knife from the scene entirely, not simply moved it into view on a nearby table.

(d) When Flanigan suggested to trial counsel the possibility that Ms. Jones had been armed, counsel responded that it was regrettable that Flanigan had made no such claim in the videotaped statement. It was after this conference that Flanigan summoned the officers and first mentioned to them that he had seen "something shiny" in Ms. Jones' hand. However, it was not trial counsel who advised Flanigan to pursue a belated claim of self-defense. Instead, the decision to do so was made by Flanigan himself, after his lawyer advised that, in his professional opinion, such a defense was not supported by the evidence and would not result in an acquittal.

In every criminal case, there is a strong presumption that trial counsel provided effective representation for the defendant. *Stewart v. State*, 263 Ga. 843, 846 (6) (440 SE2d 452) (1994). "In the absence of contrary evidence, defense counsel's actions are presumed to be part of trial strategy. [Cits.]" *Thomas v. State*, 268 Ga. 135, 139 (12) (485 SE2d 783) (1997). Here, the presumption that counsel pursued effective trial tactics was bolstered by the testimony of Flanigan's

own trial attorney. The evidence authorized the trial court to find that Flanigan failed to rebut the presumption of the effectiveness of his trial counsel by clear and convincing evidence. See *Riley v. State*, 268 Ga. 640, 641 (2) (491 SE2d 802) (1997).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 2, 1998.

*Maddox, Starnes & Nix, John A. Nix, Michael S. Waldrop,* for appellant.

*Cheryl F. Custer, District Attorney, Nancy N. Bills, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.