S99A0997. WOODS v. THE STATE.
S99A0998. GRIER v. THE STATE.
(519 SE2d 918)

FLETCHER, Presiding Justice.

A jury convicted Pedro Woods and Christopher Grier of felony murder in connection with the death of Willie Moss.[1] Both defendants claim that their attorneys at trial were ineffective and the evidence was insufficient to convict them of murder. Because the evidence was sufficient and their attorneys were not ineffective, we affirm.

1. The evidence presented at trial shows that Moss fought several people on February 19, 1995. Initially Pedro Woods called Moss from the porch of the house where they were attending a party. They exchanged blows in the street, and others joined Woods, including his brother and Grier. At some point, Moss hit the ground where various persons in the crowd swung and kicked him. A friend eventually helped Moss up, and he returned to the house with a deep hole in his head and blood on his face. He challenged Alonzo Williams as one of his attackers, and Williams slung Moss to the ground.[2] Moss then was given a towel for his head and was leaving for the hospital when

---

[1] The fights occurred on February 19, 1995, and the victim died on April 28, 1997. Woods and Grier were indicted on September 8, 1997. A jury found them guilty on February 5, 1998, and the trial court sentenced them to life imprisonment on March 13, 1998. Grier filed a motion for new trial on February 16, 1998, and Woods filed his motion for new trial on February 25, 1998. The trial court denied both motions on February 22, 1999. Woods filed a notice of appeal on March 2, 1999, and his case was docketed in the clerk's office on April 6, 1999. Grier filed his notice of appeal on March 8, 1999, and his case was docketed on April 9, 1999. Both cases were submitted for decision without oral arguments on May 31, 1999.

[2] Williams was indicted with Pedro Woods, Quincy Woods, and Grier. He and Quincy Woods pled guilty to simple battery.

police arrived. Moss told officers that Pedro and his gang had jumped on him and that "Pedro did this." As he was talking with police, Moss saw Chris Grier and said, "There comes some of them down the street now." He started towards Grier, threw his towel at Grier's face, and swung at him. Grier hit Moss once in the face with his fist, knocked him flat on the pavement, and acted like he wanted to keep fighting, but his friends pushed him away. Moss lapsed into a coma and died more than two years later in a nursing home. The pathologist testified that the cause of death was the blunt head injuries. Both Woods and Grier admitted hitting Moss, but denied making him fall to the ground. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Woods and Grier guilty of the crime charged.[3]

2. The standard for determining ineffective assistance of counsel is whether trial counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defense.[4] "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt."[5]

(a) Both defendants complain that their attorneys were ineffective for failing to investigate and present the victim's medical treatment as the cause of his death. Although both attorneys reviewed the victim's medical records and considered arguing that improper medical treatment was the intervening cause of death, they rejected that theory in favor of a self-defense theory. The medical experts testified at trial that Moss never regained consciousness after being hit by Grier, spent the last two years in a deep coma in a hospital or nursing home, and died as a result of the head injuries that had rendered him unconscious. Thus, any problems with the victim's medical treatment would have been a secondary cause of death, rather than the intervening cause.[6] As a result, the decision of trial counsel to rely on the theory of self-defense was a tactical decision that was within the range of reasonable professional assistance.[7]

(b) In addition, Grier contends that his trial counsel was ineffective for failing to investigate and adequately prepare for trial. Prior to trial, Grier's attorney obtained Grier's file from his former counsel, met with counsel for the co-defendants to share information, met with the defendant and his family, and interviewed several wit-

---

[3] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Strickland v. Washington*, 466 U.S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[5] Id. at 695.
[6] See *Green v. State*, 266 Ga. 758, 760 (470 SE2d 884) (1996).
[7] See *Berry v. State*, 267 Ga. 476 (480 SE2d 32) (1997).

nesses. In addition, trial counsel reviewed the victim's voluminous medical records and the district attorney's file, including the testimony of law enforcement officers at the preliminary hearing and the defendants' statements to police. This work shows that trial counsel adequately prepared for trial.

(c) Woods claims that his trial counsel was ineffective under the totality of the circumstances, listing 18 specific errors. These errors include trial counsel's failure to participate at the preliminary hearing, hire an investigator and expert witness, file pretrial motions, move for a severance or continuance, challenge the jury selection, object to the admission of certain evidence, introduce evidence of the victim's blood alcohol level, and move for a directed verdict.

At trial, the primary issues were the cause of Moss's head injury and whether either defendant was justified in hitting him. The testimony consisted of conflicting accounts by 20 witnesses about the fights at the party, the injuries each fight caused, and the victim's statements concerning who hurt him. Both trial counsel cross-examined each witness and elicited testimony favorable to their client's justification defense. In addition, both defendants testified and presented witnesses who supported their account of what happened, including the fact that Moss had been drinking.

Since there is no deficient performance when an attorney fails to object to admissible evidence,[8] Woods has failed to show that his attorney was ineffective in failing to object to the admission of the victim's or defendants' statements to police. Assuming the other actions of trial counsel were deficient, Woods has failed to show how these deficiencies harmed him. There was repeated testimony linking Woods directly to the blunt head trauma that resulted in Moss's death. Two police officers testified that Moss identified Woods as his attacker. Other witnesses testified that Woods called Moss out to the street and hit him and that Moss had a deep, bleeding hole in his head after that fight. Given this evidence, Woods has failed to show how the outcome of the trial would have been different absent his attorney's alleged errors.

3. Finally, the trial court properly ruled that the state's closing argument was based on a reasonable inference from the evidence.[9]

*Judgment affirmed. All the Justices concur.*

---

[8] See *Hammond v. State*, 264 Ga. 879 (452 SE2d 745) (1995) (attorney does not perform deficiently by failing to object to admissible evidence).

[9] See *Thomas v. State*, 268 Ga. 135 (485 SE2d 783) (1997); *Todd v. State*, 261 Ga. 766 (410 SE2d 725) (1991).

DECIDED SEPTEMBER 13, 1999.

*John D. Rasnick,* for appellant (case no. S99A0997).

*Ellis C. Smith, James C. Thornton,* for appellant (case no. S99A0998).

*J. Gray Conger, District Attorney, Melvin E. Hyde, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.