S99A1527. DEWBERRY v. THE STATE.
(523 SE2d 26)

CARLEY, Justice.

The grand jury returned an indictment charging Lindell Dewberry in alternative counts with the malice and felony murder of Warner King. A jury found Dewberry guilty on both counts of the indictment. The felony murder conviction was vacated by operation of law, and the trial court sentenced Dewberry to life imprisonment for the malice murder. *Malcolm v. State,* 263 Ga. 369, 373 (5) (434 SE2d 479) (1993). The trial court denied Dewberry's motion for new trial, and he brings this appeal.[1]

1. King sustained a broken leg, and died from blunt force trauma to his head. Both injuries were consistent with blows from a baseball bat. Dewberry admitted that, shortly before the homicide, he started an argument with King over money. He also acknowledged striking King in the leg with a stick, but denied ever hitting him in the head with any object. However, an eyewitness testified that she saw Dewberry hit the victim on the head with a baseball bat. The evidence

---

[1] The homicide occurred on May 24, 1997, and the grand jury returned its indictment against Dewberry on June 2, 1997. The jury found him guilty on October 27, 1997, and, on that same day, the trial court entered its judgment of conviction and sentence. Dewberry filed his motion for new trial on November 14, 1997, and the trial court denied that motion on June 9, 1999. On July 1, 1999, Dewberry filed his notice of appeal and, on August 2, 1999, the case was docketed in this Court. On September 7, 1999, Dewberry submitted his appeal for decision.

was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Dewberry's guilt of the malice murder of King. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dewberry asserts that he was denied the constitutionally guaranteed right to assistance of reasonably effective trial counsel. A strong presumption exists that Dewberry's lawyer provided him with effective representation. *Flanigan v. State*, 269 Ga. 160, 162 (2) (d) (496 SE2d 255) (1998). Moreover, this strong presumption is further bolstered by the fact that, at the hearing on the motion for new trial, Dewberry's trial counsel testified regarding the tactics he employed in the effort to provide his client with an effective defense. *Flanigan v. State*, supra at 162 (2) (d). Having heard all of the testimony, the trial court found that Dewberry failed to rebut the presumption of his attorney's effectiveness, and we must uphold that finding on appeal unless it is clearly erroneous. *Slade v. State*, 270 Ga. 305, 306 (2) (509 SE2d 618) (1998).

Dewberry urges that the failure to call his mother as an alibi witness was an instance of ineffectiveness. However, Dewberry himself did not call his mother to testify at the hearing on his motion for new trial, so he failed to present any probative evidence that she would have testified for him or that, if so, her testimony in his behalf would have been exculpatory. Indeed, the hearsay evidence offered by Dewberry as to what her testimony would have been was more nearly inculpatory, as it was in seeming conflict with his own statement to the police. Trial counsel explained at the hearing that, after consulting with his client, he based his recommendation not to call Dewberry's mother upon a number of tactical considerations, one of which was that the preservation of the right to opening and closing argument outweighed the questionable probative value of her testimony. According to the attorney, Dewberry accepted this recommendation. " ' "The decisions on which witnesses to call . . . and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client." [Cit.]' [Cit.]" *Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982). "Whether an attorney's trial tactics are reasonable 'is a question of law,' not fact. [Cit.]" *Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993). Because opening and closing argument is a valuable right, the trial court was authorized to conclude that the preservation of that tactical advantage was a reasonable strategy for Dewberry's defense attorney to pursue. See generally *Givens v. State*, 264 Ga. 522, 523 (1) (448 SE2d 687) (1994) (recognizing that the right to open and close is important, and that erroneous denial of that right gives rise to presumption of harm).

Dewberry was the sole defense witness and, in his brief, he contends that trial counsel failed to advise him of his Fifth Amendment

right not to testify. However, a review of the record shows no evidence to support this assertion. Dewberry did not testify that he was unaware of his right to remain silent. Instead, the transcript of the hearing reveals only counsel's testimony that Dewberry was "anxious" to testify in his own defense and Dewberry's admission that, after his mother was not called as his alibi witness, he made his own decision to testify. In the absence of any testimony that Dewberry's lawyer failed to inform his client of his constitutional rights, there is no evidentiary basis for a rebuttal of the presumption that, as an effective legal representative, he did so. "[A]fter having been informed, the defendant, and not his attorney, makes the ultimate decision about . . . whether or not to testify in his own behalf, [cit.] . . . ." *Morrison v. State*, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988). By following the strategy of acquiescing in Dewberry's eagerness to testify but calling him as the only defense witness, his attorney accomplished the presentation of an exculpatory version of the events without having to forgo the valuable right to make opening and closing arguments. Thus, the trial court was authorized to find that Dewberry failed to meet the burden of proving that his election to testify was predicated upon ineffective legal representation.

According to Dewberry, his trial lawyer was deficient in failing to request charges on self-defense and on voluntary manslaughter as a lesser included offense. The single witness upon whom he relies as support for a charge on justification testified that she saw King reaching for his pocket knife only after he was threatened by Dewberry. If the victim was attempting to defend himself against an impending unprovoked attack by Dewberry, then Dewberry cannot claim that he acted in self-defense when he struck the victim. OCGA § 16-3-21 (b). In addition, Dewberry acknowledged that, at the time of the altercation, he was unaware that King had a knife. Thus, there was no evidence to authorize a charge on justification, and trial counsel testified that it was for this correct reason that he made no request for the unauthorized instruction. Insofar as a lesser included offense is concerned, the State's evidence supported a finding that Dewberry was guilty of murder, whereas Dewberry's denial that he struck the fatal blow to the head would have authorized the jury to find him not guilty of any criminal offense. However, there was no evidence that Dewberry hit King in the head with a bat as the result of passion arising from reasonable provocation. Thus, a charge on voluntary manslaughter was not authorized. See *Palmer v. State*, 270 Ga. 278, 279 (2) (507 SE2d 755) (1998). Defense counsel was not ineffective for failing to request that unauthorized instruction.

Dewberry alleges that his attorney should have requested funds for an independent examination of King's body, to determine whether there were any possible explanations for the head trauma other than

an attack with a blunt instrument. As his lawyer testified, however, he never had any reason to question the finding of the medical examiner as to the victim's cause of death. Dewberry suggests no such reason in his post-conviction attack on the effectiveness of his attorney. Funds are not made available for speculative inquiries. "[A] request for funds by an indigent must create a reasonable probability that expert assistance is necessary to the defense and that without such assistance the defendant's trial would be rendered fundamentally unfair. [Cits.]" *Tatum v. State*, 259 Ga. 284, 286 (2) (380 SE2d 253) (1989). Even with the benefit of hindsight, Dewberry is unable to show that an independent examination of the victim's body would result in any possible exculpatory finding. It follows that his trial counsel was not ineffective for failing to request funds for the speculative reautopsy of the victim.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.