S99A1672. DUNCAN v. THE STATE.
(524 SE2d 209)

FLETCHER, Presiding Justice.

A jury convicted Keith Duncan of malice murder in the shooting death of Shawn Oliver.[1] Duncan appeals, contending the trial court erred in not allowing him to introduce negative results of a hand wipings test through the cross-examination of a state's witness. Because the witness had not performed the test and had no firsthand knowledge of it, we affirm.

The evidence at trial showed that Duncan and several of his friends got into an argument with another group of young men outside a club in Macon at 2:00 a.m. Duncan started shooting as the other group drove away, and then others began firing also. Oliver, who was not with either group, was killed when a stray bullet struck him.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Duncan guilty of the crime charged.[2]

2. During the cross-examination of Francis Jarvis, the state's firearm expert, the trial court refused to permit Duncan to introduce the results of a hand wipings analysis performed on Duncan several hours after the shooting. Jarvis had not performed the test himself, did not review the results in forming the opinions about which he did testify, and had not testified about the hand wipings test on direct examination. Therefore, the trial court did not err in restricting Duncan's cross-examination.

3. Duncan also contends that his trial counsel was ineffective in

---

[1] The crime occurred October 23, 1993. A grand jury indicted Duncan for malice and felony murder on January 12, 1994. Following a jury trial, Duncan was found guilty of malice murder on March 9, 1994 and sentenced to life imprisonment. Duncan filed a motion for new trial on April 7, 1994, which new counsel amended on April 20, 1998. The trial court denied the motion on May 18, 1999, and Duncan filed a notice of appeal to the Court of Appeals on June 17, 1999. The Court of Appeals transferred the case to this Court on August 5, 1999, and it was submitted for decision without oral argument on October 4, 1999.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

failing to subpoena the expert who did perform the hand wipings analysis. Even assuming that the failure to call the expert constituted deficient performance, Duncan has not established prejudice.[3] Six witnesses testified that they saw Duncan repeatedly fire a gun that morning and another witness recounted Duncan's own statement that he had fired a gun. A review of the record shows that the expert's testimony at the motion for new trial hearing was not so compelling that it created a reasonable probability that the jury would have had a reasonable doubt concerning guilt.

*Judgment affirmed. All the Justices concur.*

### DECIDED NOVEMBER 15, 1999.

*Carl A. Bryant,* for appellant.

*Charles H. Weston, District Attorney, Howard Z. Simms, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[3] See *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).