S01A1402. WASHINGTON v. THE STATE.
(554 SE2d 173)

SEARS, Presiding Justice.

Appellant Marion Washington appeals his conviction for murder and resulting life sentence,[1] alleging that his trial counsel was inef-

---

[1] The crime occurred on July 15, 1998. On January 7, 2000, appellant was indicted for murder, felony murder, aggravated battery, aggravated assault, and child molestation. A jury trial was held on January 27-30, 2000, and appellant was found guilty on all charges. All convictions were merged by operation of law with the malice murder conviction, and appellant was sentenced to life imprisonment. The trial transcript was certified on June 7,

fective. Having reviewed the record, we find that appellant has not established that he was prejudiced by the alleged instances of ineffectiveness. Therefore, we affirm.

Appellant lived with Shirley Brown, their two children, and Brown's eleven-year-old daughter, Canarius. On July 14, 1998, Brown and appellant argued, and appellant left their house. Appellant returned between 1:00 a.m. and 2:00 a.m., and persuaded Brown to let Canarius accompany him when he left the house again. More than three hours later, appellant returned home alone.

Brown telephoned the police, who questioned appellant and observed grass, mud, and bloodstains on his pants. Appellant told police he had bloodied his pants while helping someone move a television, and had dirtied his pants while shooting dice with friends.

Later that same morning, Canarius's body was discovered under the bleachers at a nearby high school. She was naked from the waist down and her shirt was pushed above her chest. She had sustained multiple blunt force injuries, skull and facial bone fractures, stab wounds, and a ruptured lip and tongue.

Investigators observed footprints near the body and asked that appellant's shoes be brought to the crime scene. The footprints at the scene were consistent with brand, size, and wear pattern of appellant's shoes. Several witnesses stated that a man fitting appellant's description was seen leaving the area beneath the bleachers on the morning Canarius's body was discovered. Appellant was arrested and charged with murder.

DNA testing revealed that appellant's shirt and shoes were stained with Canarius's blood. Blood spatter analysis concluded that the bloodstains on appellant's shoes were created by an impact of medium velocity, likely caused by blunt trauma that occurred within two to three feet of the shoes.

At trial, medical testimony established that Canarius had injuries consistent with sexual abuse. Other testimony revealed that before her death, Canarius had confided to a teacher and a friend that appellant was touching her inappropriately. Additionally, Canarius had told her sister that appellant was having sex with her and that he threatened to kill everyone in her family if she told anyone. At trial, a former step-daughter testified that appellant had molested her repeatedly, and other testimony established that appellant had once attempted to rape another of his daughters.

1. The evidence introduced at trial was sufficient to enable a

2000. Appellant's new trial motion, which was filed on February 29, 2000, and amended on January 16, 2001, was denied on March 8, 2001. Appellant's notice of appeal was timely filed on April 2, 2001, the appeal was docketed with this Court on June 20, 2001, and submitted for decision without oral argument on August 13, 2001.

rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the crimes of which he was convicted.[2]

2. In his sole enumeration of error, appellant urges that the trial court should have granted a new trial due to the ineffective assistance of trial counsel. To establish that trial counsel was ineffective, appellant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for the unprofessional conduct, the outcome of the trial would have been different.[3] As always, there is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment.[4]

At the new trial hearing, appellant conceded that he met with defense counsel before trial commenced, but argues that these meetings were too infrequent to prepare an adequate defense, thereby evidencing counsel's ineffectiveness. However, appellant does not describe for us how additional pre-trial communications would have changed the outcome of his trial. Therefore, he has failed to establish that this alleged instance of ineffectiveness prejudiced his defense.[5]

Appellant also claims that counsel was ineffective for failing to interview the victim's mother and other unidentified witnesses before trial commenced. Appellant does not, however, establish what interviewing these witnesses before trial would have added to his defense, and hence we cannot assess whether such interviews would have changed the outcome of his trial.[6] Therefore, appellant also has failed to establish that this alleged instance of ineffectiveness prejudiced his defense.[7]

Finally, appellant claims that counsel was ineffective for failing to interview an investigator who worked on the case before counsel assumed his representation of appellant. Appellant claims the investigator had information: (1) that appellant was gambling on the morning of the murder at a place other than the crime scene, and (2) that on the morning of the murder, other, unidentified individuals had been seen near the place where the victim's body was found. In light of the overwhelming evidence of appellant's guilt, recounted above, we conclude that this information, if discovered by counsel through pre-trial interviews, would not have changed the outcome of appellant's trial. The evidence was sufficient to show that appellant

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985).
[4] *Smith*, 253 Ga. at 783.
[5] *Woods v. State*, 271 Ga. 452, 454 (519 SE2d 918) (1999).
[6] *Blake v. State*, 273 Ga. 447, 450 (542 SE2d 492) (2001).
[7] *Woods*, 271 Ga. at 454.

had been at the scene of the murder at the approximate time of the killing, was alone with the victim at the time of the murder, had a history of sexually abusing the victim, and had the victim's blood on his clothing. Given this evidence, appellant has failed to show how the outcome of the trial would have been different absent this alleged instance of ineffective assistance.[8] Accordingly, we conclude that the trial court properly denied appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 2001.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.