S02A1121. DOCTOR v. THE STATE.
(571 SE2d 347)

CARLEY, Justice.

Carlos Price and his vehicle were reported as missing. A few days later, the police discovered his body near the complex where he rented an apartment. At about that same time, authorities in Ohio arrested Quin Doctor because he was in possession of Price's car. Doctor, who lived in an apartment across the hall from the victim, gave inconsistent statements about how he obtained the vehicle. However, he eventually admitted that he was in Price's apartment when Price died. Appellant claimed that, after Price accidentally choked to death, he removed the body and took the car. The grand jury indicted him on alternative counts of malice and felony murder, robbery by force of the vehicle, theft by taking of the automobile and concealing the death. He pled guilty to the charges of concealing the death and stealing the automobile. Thereafter, a jury found him guilty of the malice murder of Price and the robbery by force of Price's vehicle. The trial court sentenced Doctor to life imprisonment for murder and to a consecutive 10-year term for concealing the death. Because the theft of the vehicle merged into the robbery as a matter of fact, the trial court imposed a 20-year sentence only for the latter offense. The trial court denied a motion for new trial, and Appellant brings this appeal.[1]

1. Doctor contends that the State failed to prove that a murder

---

[6] See *Stewart v. State*, 239 Ga. 588, 589 (238 SE2d 540) (1977); *Moore v. State*, 246 Ga. App. 163, 165 (539 SE2d 851) (2000).

[1] The crimes were committed on July 19-20, 1998. The grand jury indicted Doctor on September 3, 1999. The jury returned the guilty verdicts on October 20, 1999. The trial court entered the judgments of conviction and sentences on October 21, 1999. Appellant filed a motion for new trial on November 12, 1999. The trial court denied that motion on January 11, 2002. Doctor filed a notice of appeal on February 4, 2002. The case was docketed in this Court on April 10, 2002. The appeal was submitted for decision on June 3, 2002.

occurred. Although a defense expert testified that the death was accidental, the medical examiner expressed the contrary opinion that Price was a homicide victim. The jury was authorized to believe the State's expert rather than Appellant's. A conclusion that Price's death resulted from an act of violence, and was not an accident, was consistent with the circumstantial evidence that a struggle took place in his apartment. The jury was authorized to find that Appellant was the other participant in the fight. He admitted being in the apartment at the time Price died and that he removed the body. He stole the victim's car and gave conflicting accounts about how he obtained it. Construing the evidence most strongly in support of the verdict, it was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Doctor's guilt of the malice murder of Price. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Doctor also urges that he cannot be guilty of robbery by force because, when he took the vehicle, Price was already dead. Georgia follows the general rule that the force or intimidation essential to a robbery can either precede the taking or occur contemporaneously with it. *Young v. State*, 251 Ga. 153, 157 (3) (303 SE2d 431) (1983). Here, the State proved that Appellant's use of force preceded the theft of the automobile, and the fact that his victim was dead at the time of the actual taking does not prevent a conviction for violating OCGA § 16-8-40 (a) (1). See *Young v. State*, supra at 157 (3). When construed most strongly in support of the verdict, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Doctor's guilt of robbery by force. *Jackson v. Virginia*, supra.

3. Appellant further urges that his plea of guilty to the lesser included offense of stealing the car was a bar to his subsequent trial for robbery by force. However, OCGA § 16-1-7 (a) precludes only multiple convictions for included offenses, and does not prohibit prosecution therefor. See *Echols v. State*, 167 Ga. App. 307, 308-309 (1) (306 SE2d 324) (1983). Thus, it was permissible to prosecute Appellant for both theft and robbery, but he could be convicted of only one of those crimes. Because the theft of the automobile merged as a matter of fact into the robbery, the trial court correctly entered a judgment of conviction and sentence only for that greater offense. Accordingly, Doctor's double jeopardy rights have not been violated.

4. The State sought to provide the jury with a transcript of Appellant's taped statement for use during the audio presentation of that statement. He objected on the basis that the jurors should be allowed to hear only the recording itself. The trial court correctly overruled this objection, "as the record shows that [it] took 'particularized safeguards' to insure the jurors' limited consideration of the

transcript. [Cits.]" *Harris v. State*, 274 Ga. 422, 427 (7) (554 SE2d 458) (2001).

5. Doctor urges that his trial counsel was ineffective. To prevail on this claim, he must show that his attorney's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). At the hearing on the motion for new trial, defense counsel testified regarding the tactics he used in the effort to provide his client with a viable defense. *Flanigan v. State*, 269 Ga. 160, 162 (2) (d) (496 SE2d 255) (1998). Having heard all of the testimony, the trial court found that Doctor failed to rebut the presumption of effectiveness, and we must uphold that finding unless it is clearly erroneous. *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999).

(a) Appellant's lawyer did not seek to exempt the defense expert from the rule of sequestration so as to permit him to remain in the courtroom during the testimony of the medical examiner. However, counsel did confer with the expert before trial, which pre-trial conference he felt was adequate preparation for his cross-examination of the medical examiner. Doctor failed to show that his lawyer's cross-examination of the medical examiner was deficient in any respect and that, had the defense expert been in the courtroom, the verdict would have been different. See *Duncan v. State*, 271 Ga. 704 (3) (524 SE2d 209) (1999).

(b) Voir dire disclosed that a prospective juror was acquainted with the prosecutor socially or through a church affiliation. Doctor urges that the failure to strike this juror was an instance of deficient legal representation. After conferring with Appellant, however, the lawyer determined that the peremptory strikes would be better used to remove other members of the panel who were more objectionable to the defense. Whether to accept or to strike a juror is a tactical decision which an attorney is authorized to make after consultation with the client. *Hawes v. State*, 240 Ga. 327, 330 (1) (240 SE2d 833) (1977). Thus, the trial court's finding that Doctor received effective assistance of counsel in the selection of the jury is not clearly erroneous. *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999).

(c) Trial counsel did not move to suppress Appellant's statement because, after investigation, he found no basis for doing so. See *Coleman v. State*, 271 Ga. 800, 803 (5) (a) (523 SE2d 852) (1999). Doctor never claimed that he was coerced, and he made an express waiver in open court of the right to a hearing on the admissibility of his statement. "[T]here is no deficient performance when an attorney fails to object to admissible evidence. . . ." *Woods v. State*, 271 Ga. 452, 454 (2) (c) (519 SE2d 918) (1999).

(d) Appellant asserts that he should have been called to testify in his own defense. The record shows, however, that he was not pre-

vented from doing so. His attorney merely advised against testifying so as to avoid a potentially damaging cross-examination, and Appellant made the final decision not to take the stand. " '(A)fter having been informed, the defendant, and not his attorney, makes the ultimate decision about . . . whether or not to testify in his own behalf, (cit.) . . . .' [Cit.]" *Dewberry v. State*, supra at 626 (2). Doctor cannot complain of his own election to follow the reasonable tactical advice of his lawyer. *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001).

(e) Defense counsel did not interview the State's witnesses prior to trial. He did, however, review their statements and, according to him, was unsurprised by any of their trial testimony. Thus, the failure to interview the witnesses in person did not prejudice Doctor's case. See *Huff v. State*, 274 Ga. 110, 112 (3) (549 SE2d 370) (2001).

*Judgments affirmed. All the Justices concur, except Fletcher, C. J., who concurs specially.*

FLETCHER, Chief Justice, concurring specially.

I concur in the judgment affirming the convictions in this case. However, I write separately to address division 3 of the majority opinion and to reiterate that the concept of double jeopardy, as embodied in our statutes and constitution, prohibits successive prosecutions for crimes arising from the same conduct, as well as multiple convictions for the same crime. These dual aspects of the double jeopardy rule are often referred to as substantive and procedural.[2]

The majority is correct that OCGA § 16-1-7 (a), which relates to the substantive aspects of double jeopardy, permits charging a defendant with multiple crimes "when the same conduct of an accused may establish the commission of more than one crime." However, OCGA § 16-1-7 (b), which relates to the procedural aspects of the double jeopardy clause, limits the ability of the State to prosecute the crimes successively by requiring that all crimes arising from the same conduct be prosecuted in a single action when known to the prosecuting officer.

In the present case, the State did initiate a single prosecution for all the offenses arising out of the death of the victim. All the offenses charged against Doctor were made in a single indictment, but the prosecution of these charges was made successively. Doctor, however, waived his procedural double jeopardy claim by pleading guilty to the lesser-included offense of theft by taking and then going forward without objection in a jury trial on the greater offense of robbery by force.

---

[2] See *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974).

DECIDED OCTOBER 15, 2002.

*John T. Strauss, Anthony S. Carter*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

