## S05A1195. JONES v. THE STATE.
(622 SE2d 1)

CARLEY, Justice.

A jury found Appellant Devon Scott Jones guilty of the following offenses: malice murder of Marcus Hill and Angela Lawson; burglary of their apartment; armed robbery of Mr. Hill; and theft of an automobile which was in Mr. Hill's possession, but which belonged to James Harpp. Although the State sought the death penalty for the murders, the jury returned sentences of life imprisonment without parole. With regard to the remaining crimes, the trial court imposed a consecutive life sentence for armed robbery and consecutive 20-year sentences for burglary and theft. The trial court denied a motion for new trial, and appellant brings this appeal.[1]

1. Appellant challenges the sufficiency of the evidence to support the findings of his guilt for the murders, contending that the State failed to prove that he fired the shots which killed Mr. Hill and Ms. Lawson.

The prosecution showed that Appellant, acting in concert with three others, planned and executed a scheme to rob Mr. Hill. During the course of that criminal conspiracy, the four drove in Appellant's automobile to the apartment shared by Mr. Hill and Ms. Lawson. He, along with two of the accomplices, armed themselves and entered the apartment. Thereafter, one of the three took the keys to a car which was in Mr. Hill's possession, but which had been stolen from Mr. Harpp some months previously. Both victims were fatally shot. The four perpetrators then fled, with one or more driving off in Mr.

---

[1] The crimes were committed on September 11, 1995. The grand jury indicted Appellant on December 5, 1995. The jury returned the guilty verdicts on November 8, 1996, and returned the verdicts as to sentencing the following day. The trial court entered judgments of conviction and imposed the sentences on November 9, 1996. Appellant filed a motion for new trial on November 13, 1996. The trial court denied that motion on March 1, 2005. On March 22, 2005, Appellant filed a notice of appeal. The case was docketed in this Court on April 8, 2005, and the appeal was submitted for decision on May 30, 2005. The appeal of one of Appellant's three accomplices, who was tried separately, appears at *Dill v. State,* 277 Ga. 150 (587 SE2d 56) (2003).

Harpp's vehicle. When Appellant was arrested, he was in the process of ransacking the stolen car. Thus, Appellant's "conduct before, during, and after the fatal shooting[s] was evidence supporting the finding that even if [he] was not the trigger man, he intentionally aided and abetted [the] murder[s]. [Cit.]" *Hewitt v. State*, 277 Ga. 327, 329 (1) (a) (588 SE2d 722) (2003). In light of this evidence, a failure to prove which of the four co-conspirators was the actual shooter would not preclude the return of guilty verdicts against any or all of them for the murders.

When construed most strongly in support of the jury's verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof of Appellant's guilt of the two counts of malice murder, as well as the offenses of burglary, armed robbery and theft, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant urges that his trial counsel was ineffective. To prevail on that claim requires that he show that counsel's performance was deficient and that, but for the deficient performance, a reasonable probability exists that the trial would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In making this showing, Appellant must rebut by clear and convincing evidence the strong presumption that his attorney was effective. *Flanigan v. State*, 269 Ga. 160, 162-163 (2) (d) (496 SE2d 255) (1998). However, appellant did not call trial counsel to testify at the hearing on the motion for new trial, and without such testimony, " ' "it is extremely difficult to overcome this presumption." (Cit.)' [Cits.]" *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). Moreover, the trial court, having heard the evidence which Appellant did present, concluded that he failed to rebut the presumption that his counsel performed effectively. On appeal, " ' "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Cit.)' [Cit.]" *Cooper v. State*, 279 Ga. 189, 191 (2) (612 SE2d 256) (2005).

(a) Appellant's initial assertion of ineffectiveness relates to testimony given by Curtis Trippe. Trippe was one of the four charged with the crimes, but he entered into a plea bargain and agreed to testify for the prosecution against Appellant. He contended that he stayed in Appellant's car while the three others entered the apartment. During the course of Trippe's testimony, he related certain conversations he had with two of the accomplices who returned to the automobile while Appellant remained behind. The substance of these

conversations concerned the acts Appellant perpetrated in the victims' residence. Appellant urges that this testimony was inadmissible hearsay, and that his lawyer was ineffective for failing to object to it on that ground.

"After the fact of a conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." OCGA § 24-3-5. Under this statute, a "conversation overheard between co-indictees out of the presence of the defendant is admissible. [Cit.]" *Hutchins v. State*, 229 Ga. 804, 806 (1) (194 SE2d 442) (1972). Therefore, testimony by Trippe concerning the out-of-court statements attributed to two of the other co-conspirators was admissible, and the failure to raise a nonmeritorious hearsay objection does not constitute ineffective legal representation. See *Burgess v. State*, 278 Ga. 314 (1) (602 SE2d 566) (2004).

Appellant further urges that, even if the testimony was admissible under OCGA § 24-3-5, Trippe nevertheless was an inherently unreliable witness. However, a witness' credibility was a matter for the jurors to determine, and was not a factor in the admissibility of his testimony for their consideration. Appellant does not contest the effectiveness of the cross-examination of Trippe or attack the closing argument to the jury with regard to his possible unreliability. Therefore, the trial court properly concluded that Appellant failed to show any ineffectiveness in defense counsel's trial tactics to counter Trippe's appearance as a witness for the prosecution.

(b) Appellant also urges that a green shirt belonging to him should have been introduced into evidence. He contends that, because no blood splatters were found on it, the shirt was exculpatory as tending to show that he was not the shooter. However, there was no proof that Appellant wore that particular shirt at the time the crimes were committed in the victims' apartment. It was simply discovered in Appellant's car after his arrest. Moreover, whether or not he was the actual shooter was immaterial to his guilt or innocence if he was shown to be a party to the murders. Blood consistent with Mr. Hill's was found on Appellant's shoe. This placed him at the scene and showed that he participated in the conspiracy, and was evidence of his guilt even if he did not fire the fatal shots. Thus, the bloodless shirt had limited relevancy, if it was relevant at all.

In any event, the record shows that, during the trial and in closing argument, the jury was informed of the discovery of the shirt and its lack of blood splatters. Under these circumstances, it appears that defense counsel reasonably concluded that the introduction of the shirt itself into evidence was superfluous and not crucial to the defense.

Because his trial attorney did not testify on the motion for new trial, [Appellant] " 'made no affirmative showing that the purported (evidentiary) deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy.' (Cit.)" [Cit.]

*Morgan v. State*, supra.

3. According to the armed robbery count, Appellant used a pistol to take the keys to Mr. Harpp's automobile from Mr. Hill's immediate presence. The separate theft count cited Mr. Harpp's car as the stolen property. Appellant contends that these two offenses merged as a matter of fact, so that it was error to convict and sentence him for both.

> The key question in determining whether offenses have merged is whether the different offenses are proven with the same set of facts. "For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." [Cit.]

*Johnson v. State*, 247 Ga. App. 157, 162 (10) (543 SE2d 439) (2000), overruled on other grounds, *Owens v. State*, 271 Ga. App. 365, 369 (3) (609 SE2d 670) (2005). The keys and the vehicle are two entirely separate items of property. The keys were taken from Mr. Hill's presence by use of a weapon. Subsequently, the keys were used to steal Mr. Harpp's car. Thus, although Mr. Hill was in possession of both the keys and the car, the two offenses were based on two distinct acts of taking occurring at different times at different locations. See *Holt v. State*, 239 Ga. 606, 607 (238 SE2d 399) (1977). See also *Lewis v. State*, 261 Ga. App. 273, 275 (2) (582 SE2d 222) (2003).

Appellant's reliance on *Bland v. State*, 264 Ga. 610, 612 (4) (449 SE2d 116) (1994) is misplaced. *Bland* stands for the correct proposition that where one victim is robbed of multiple items in a single transaction, only one robbery is committed. See also *Tesfaye v. State*, 275 Ga. 439, 442 (4) (569 SE2d 849) (2002); *Creecy v. State*, 235 Ga. 542, 543 (5) (221 SE2d 17) (1975); *Randolph v. State*, 246 Ga. App. 141, 144 (1) (538 SE2d 139) (2000). Here, however, Appellant was not charged with two robberies, but with one armed robbery and one theft. The armed robbery, as alleged in the indictment, was complete when he or one of his co-conspirators used a weapon to take the keys from Mr. Hill's immediate presence. Had the perpetrators ended their crime spree at that point, no additional offenses would have been

committed. However, Appellant or one of the accomplices subsequently used the key to gain entry to Mr. Harpp's car and drive it away. That additional act was a separate unauthorized taking which occurred outside the apartment and, thus, outside the immediate presence of Mr. Hill, who lay dead or dying in the apartment. See *Holt v. State*, supra. Compare *Painter v. State*, 237 Ga. 30, 34 (226 SE2d 578) (1976) (where money in trunk was intended object of robbery, taking of keys was initial step in the crime); *Phanamixay v. State*, 260 Ga. App. 177, 180 (3) (581 SE2d 286) (2003) (several items of property taken from victims in same incident); *Johnson v. State*, 246 Ga. App. 109, 112 (4) (539 SE2d 605) (2000) (multiple items taken from victim in a single occurrence).

Had Appellant or his accomplices stolen the car without using the key taken from Mr. Hill, a separate theft certainly would have been committed. Likewise,

[i]t is obvious that the offenses involved here, although taking place at the same general time and location, are separate offenses in that each is established by proof of different facts and each offense is distinct as a matter of law, thus obviating any possibility of one's inclusion in the other.

*Kramer v. Hopper*, 234 Ga. 395, 397 (216 SE2d 119) (1975). Appellant cannot claim the benefit of the principle of merger by asserting that an item taken from Mr. Hill's immediate presence was used to facilitate the subsequent theft of a separate item of property. "The evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime. The motor vehicle theft is not lesser included as a matter of fact." *Holt v. State*, supra at 607. Thus, the trial court did not err in failing to merge the two offenses. To the extent that *Doctor v. State*, 275 Ga. 612, 613 (3) (571 SE2d 347) (2002) could be construed as inconsistent with this analysis and holding, it is hereby overruled.

4. In addition to alleging that the car keys were taken from Mr. Hill's immediate presence by use of a pistol, the armed robbery count also alleged that, "during the commission of said offense [Appellant] did intentionally inflict serious bodily injury, to-wit: death upon [the victim]. . . ." Appellant urges that, as the result of this additional allegation, the armed robbery count became, in effect, an alternative felony murder count which was vacated, by operation of law, when the trial court entered a judgment of conviction on the verdict finding him guilty of malice murder. See *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993).

The allegation regarding the death of Mr. Hill was mere surplusage in the context of the count charging armed robbery. See *Moody v.*

*State*, 216 Ga. 192, 193 (2) (115 SE2d 526) (1960); *Eidson v. State*, 262 Ga. App. 664 (1) (586 SE2d 362) (2003). As such, it " 'may be disregarded in evidence.' [Cit.]" *Roseberry v. State*, 251 Ga. App. 856, 858 (3) (554 SE2d 816) (2001). Therefore, the surplusage did not transform the armed robbery count into an alternative felony murder count, and the trial court correctly sentenced Appellant for that separate offense. See *Eidson v. State*, supra.

5. In sentencing Appellant to life without parole for the murder of Mr. Hill, the jury found that the commission of the armed robbery of the keys and the burglary of the apartment were aggravating circumstances. Appellant contends that, having served as aggravating factors as to the sentence for murder, the armed robbery and burglary cannot also support the imposition of separate convictions and sentences.

Because aggravating circumstances "operate as 'the functional equivalent of an element of a greater offense,' [cit.], the Sixth Amendment requires that they be found by a jury." *Ring v. Arizona*, 536 U. S. 584, 609 (II) (122 SC 2428, 153 LE2d 556) (2002). However, how aggravating factors operate functionally is an entirely different consideration from what they actually are. Although the statutory aggravating circumstances enumerated in OCGA § 17-10-30 (b) may function as elements of the "greater" offense of capital murder for the limited purpose of implicating the constitutional right of trial by jury, they are "not offenses, but rather they are procedural standards designed to control a jury's discretion in capital cases in order to ensure against capricious and arbitrary enforcement of the death penalty." *Spraggins v. State*, 255 Ga. 195, 201 (3) (a) (336 SE2d 227) (1985). See also *Collier v. State*, 244 Ga. 553, 566 (10) (261 SE2d 364) (1979) (holding that, "[b]y their terms, [the Georgia statutory double jeopardy provisions] do not apply to aggravating circumstances but to crimes"), disapproved on other grounds, *Satterfield v. State*, 248 Ga. 538, 541 (285 SE2d 3) (1981). Accordingly, aggravating circumstances are not offenses for purposes of the constitutional guarantee against double jeopardy. Therefore, the fact that the jury found that the armed robbery and burglary were aggravating factors in sentencing Appellant for the murder of Mr. Hill does not preclude separate convictions for committing those offenses.

6. Appellant makes the same double jeopardy argument with regard to the murder of Ms. Lawson, which the jury also found to be an aggravating circumstance as to the sentence imposed for the murder of Mr. Hill. For the reasons discussed in Division 5, a separate conviction and sentence for the murder of Ms. Lawson was authorized.

7. Appellant makes two contentions regarding the special verdict form submitted to the jury in the sentencing phase of the trial.

(a) In connection with the murder of Mr. Hill, the special verdict form listed as a possible aggravating circumstance that the homicide was outrageously or wantonly vile, horrible, or inhuman because it involved "depravity of mind to the victim." The jury found that this factor existed. On appeal, Appellant urges that this finding is defective and cannot support the sentence, since the depravity of mind relates to the accused, not the victim. See *Hance v. State*, 245 Ga. 856, 860 (3) (268 SE2d 339) (1980).

Appellant did not raise any objection to the form of the verdict below and, thus, waived any right to assert error in that regard on appeal. See *Ellison v. State*, 265 Ga. App. 446, 448 (3) (594 SE2d 675) (2004). Moreover, the record reflects that the trial court gave a comprehensive and exemplary instruction on "depravity of mind on the part of the defendant." Under the circumstances, the jurors obviously understood that the relevant aggravating factor set forth on the special verdict form was Appellant's depravity, insofar as that state of his mind had resulting impact "to the victim."

(b) In addition to depravity of mind, the special verdict form also permitted the jury to find that the murder of Mr. Hill was outrageously or wantonly vile, horrible, or inhuman because it involved torture and aggravated battery. The jury found that both of these factors existed as well. Appellant urges that this finding must be set aside, because torture and aggravated battery are redundant of one another and, collectively, they are redundant of OCGA § 17-10-30 (b) (2), which lists as an aggravating circumstance the commission of an aggravated battery against the murder victim.

This objection to the verdict form was never raised below and, thus, was waived for appellate review. Even assuming that the issue had been preserved, however, it is clear that torture and aggravated battery are not necessarily synonymous. "Torture occurs when the victim is subjected to serious physical abuse before death. [Cit.] . . . Torture *also* occurs when the victim is subjected to an aggravated battery . . . ." (Emphasis supplied.) *Hance v. State*, supra at 861 (3). Moreover, the verdict form precisely tracks the language of OCGA § 17-10-30 (b) (7), which expressly provides that a jury is authorized to find as an aggravating factor that a murder "involved torture, . . . or an aggravated battery to the victim." Thus, as worded, the verdict form comports with the controlling statute and, thus, was entirely proper. See *Harris v. State*, 237 Ga. 718, 723 (4) (230 SE2d 1) (1976).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2005.

*Reginald L. Bellury, James C. Bonner, Jr.*, for appellant.

*Fredric D. Bright, District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.