### S01A1016. HUFF v. THE STATE.
#### (549 SE2d 370)

THOMPSON, Justice.

A jury convicted Jasper Huff of felony murder with the underlying felony of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony in connection with the shooting death of Shurica M. Davis.[1] On appeal from the denial of his motion for new trial, Huff asserts that his constitutional right to be present at all stages of the trial was violated by his absence from certain trial conferences, and he claims that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Huff and his friend, Lawrence Crowell, visited the apartment

---

[1] The crime took place on August 11, 1996. A true bill of indictment was returned on November 11, 1996, charging Huff with malice murder, felony murder with the underlying felony of aggravated assault, aggravated assault, and possession of a firearm in the commission of a felony. Trial commenced on March 24, 1997, and on the following day, a jury acquitted Huff of malice murder and convicted him of the remaining counts. He was sentenced on March 26, 1997, to life imprisonment for felony murder, plus five consecutive years for weapon possession. A motion for new trial was filed on April 17, 1997, and amended on September 22, 1999 and May 15, 2000. After an evidentiary hearing, the amended motion for new trial was denied in an order entered on January 26, 2001. A notice of appeal was prematurely filed on December 19, 2000, which became effective upon the entry of the order denying a new trial. The case was docketed in this Court on April 5, 2001, and was submitted for decision on briefs on May 28, 2001.

where Shurica Davis was living with her aunt. Crowell had in his possession a .380 semi-automatic pistol, which he displayed to the others. At Huff's request, Crowell handed him the pistol. As the three were conversing, Davis referred to Huff as a "boy," whereupon Huff cocked the gun and pointed it at her. Crowell warned Huff that the gun was loaded and told him not to point it. Davis raised her arm defensively, reiterated that the gun was loaded, and cautioned Huff not to point it at her. The gun discharged, firing a fatal bullet into her chest. Huff dropped the pistol and fled from the scene. Crowell retrieved the weapon and hid it. Later in the evening Crowell told the investigating officers of the shooting and led police to the gun.

Huff was arrested and gave a custodial statement in which he claimed that the shooting was accidental. He pursued an accident defense at trial. A firearms expert testified that it required greater than ten pounds of pressure to pull the trigger when the weapon was cocked, and that it was not likely to have fired accidentally.

1. The evidence was sufficient to enable a rational trier of fact to find Huff guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial transcript shows that after the conclusion of the evidence, a jury charge conference was held, and that "further discussions in-chambers" took place. Neither the charge conference nor the in-chambers conference was taken down or transcribed. Huff contends that his involuntary absence from these proceedings violated his constitutional right to be present at all stages of his trial. Assuming without deciding that Huff did not waive his presence at the charge conference, we find no error.

Embodied in the constitutional right to the courts under Art. I, Sec. I, Par. XII of the Georgia Constitution of 1983 is the right of the criminal defendant to be present at all proceedings had against him at the trial of his case. *Pennie v. State*, 271 Ga. 419 (2) (520 SE2d 448) (1999). The right to be present attaches "at any stage of a criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U. S. 730, 745 (107 SC 2658, 96 LE2d 631) (1987). This Court has determined that "[a] critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." *Ballard v. Smith*, 225 Ga. 416, 418 (2) (169 SE2d 329) (1969).

Since the charge conference involves essentially legal argument about which the defendant presumably has no knowledge, he would not have made a meaningful contribution nor gained anything by his presence. Thus, we agree with the conclusion of the Court of Appeals that a charge conference "is not one of those proceedings at which a

defendant has an unequivocal right to be present." *Aleman v. State*, 227 Ga. App. 607, 613 (489 SE2d 867) (1997). Accord *Ricarte v. State*, 249 Ga. App. 50 (1) (547 SE2d 703) (2001) (charge conference does not occur during the presentation of evidence, and is not part of the proceedings); *McBride v. State*, 213 Ga. App. 857 (11) (446 SE2d 193) (1994); *Simmons v. State*, 172 Ga. App. 695 (2) (324 SE2d 546) (1984) (trial judge is not required to converse with counsel regarding jury instructions).

As for the reference in the transcript to "further discussions," it is apparent from later transcribed colloquy that a discussion had taken place in chambers between counsel and the court concerning whether to allow Huff's custodial statement to go out with the jury during deliberations. Again, only legal matters were involved in this conference. In addition, the substance of that discussion was later placed on the record in Huff's presence. Thus, there has been no showing of harm. Any mere speculation that other matters may have been discussed during the conference cannot serve as a basis for the grant of a new trial.

3. Huff contends that he was denied effective assistance of trial counsel under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), due to counsel's failure to interview State's witness Lawrence Crowell; failure to adequately explain that he had a right to testify in his defense; and failure to object to certain statements made during the State's closing argument.

To establish that counsel's performance was constitutionally ineffective, a defendant must show that counsel's performance fell "below an objective standard of reasonableness"; *Strickland*, 466 U. S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a presumption of effective assistance of counsel, which a defendant must overcome by clear and convincing evidence. *Flanigan v. State*, 269 Ga. 160 (2) (496 SE2d 255) (1998).

Trial counsel was in possession of the statement that Crowell gave to investigating officers on the day of the shooting, and he effectively used that statement to impeach Crowell's trial testimony.[2] Nor has Huff shown that the outcome of the trial would have been different had counsel interviewed Crowell prior to trial.

Huff's own testimony at the hearing on the motion for new trial shows that he and his counsel had ongoing discussions concerning

---

[2] In his statement to investigating officers, Crowell said that Huff was just racking the gun and it went off. At trial, he acknowledged that the first statement was untruthful. He testified that Huff racked the gun and *then* pointed it at the victim.

his right to testify and whether to exercise that option. Huff also acknowledged that any testimony he would have given at trial would have been essentially the same as his custodial explanation that the shooting was accidental. There was no showing that counsel failed to adequately explain the right to testify at trial.

During closing argument, the prosecutor suggested that Huff's total lack of remorse demonstrates that he is "just plain mean." Trial counsel was not deficient in failing to object to this statement, as it was a reasonable and legitimate inference drawn from the evidence. See *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996).

Huff was not denied his constitutional right to effective assistance of trial counsel. *Strickland*, supra.

*Judgment affirmed. All the Justices concur, except Sears, P. J., and Hunstein, J., who concur in judgment only as to Division 2.*

DECIDED JULY 16, 2001.

*Mark A. Scott, Melvin Robinson, Jr.*, for appellant.

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant District Attorney*, for appellee.