SEARS, Chief Justice.
 

 In 2005, a Whitfield County jury convicted Jeffrey Allen Hampton of felony murder, aggravated assault, and related offenses arising out of the shooting death of Tara Nicole Swilley. Hampton challenges the sufficiency of the evidence used to convict him, the constitutional effectiveness of his initial post-trial counsel, and the jury instructions regarding the consideration of prior consistent statements as substantive evidence. Finding
 
 *700
 
 no merit in Hampton's arguments, we affirm.
 
 [1]
 

 **491
 

 1. Hampton contends that the State failed to present sufficient evidence at trial to sustain his convictions because his alibi evidence conclusively demonstrated that he was elsewhere at the time of the crimes. The jury evidently found Hampton's alibi defense less than persuasive, a determination amply supported by the evidence in the record. Viewed in the light most favorable to the verdict, we have no difficulty concluding that the evidence presented at trial was more than sufficient to enable a rational trier of fact to reject Hampton's alibi defense and find him guilty beyond a reasonable doubt of the crimes for which he was convicted.
 
 [2]
 

 2. Hampton contends his initial post-trial counsel rendered ineffective assistance of counsel. In order to succeed on his claim of ineffective assistance of post-trial counsel, Hampton must show that post-trial counsel's performance was professionally deficient and that but for post-trial counsel's unprofessional conduct, there is a reasonable probability that the outcome of amended new trial motion would have been different.
 
 [3]
 

 (a) Hampton claims post-trial counsel should have pursued an ineffective assistance of
 
 trial
 
 counsel claim based on his failure to object when the trial court twice conducted interviews with individual jurors outside the defendant's presence. It is undisputed that Hampton's trial counsel was present at both juror interviews, as were the prosecutor and the court reporter, and that he did not object on the ground that his client's right to be present was being violated. Nevertheless, the State contends that trial counsel's performance was neither professionally deficient nor prejudicial because Hampton waived his right to be present at the two juror interviews. We agree.
 

 The United States Supreme Court has long recognized that a criminal defendant's right to be present at all critical stages of the proceedings against him is a fundamental right and a foundational
 

 **492
 

 aspect of due process of law.
 
 [4]
 
 This Court's interpretation of the analogous provisions of the Georgia Constitution has always been in accord.
 
 [5]
 

 *701
 
 However, the right to be present belongs to the defendant, and he is free to relinquish it if he so chooses.
 
 [6]
 
 The right is waived if the defendant personally waives it in court; if counsel waives it at the defendant's express direction; if counsel waives it in open court while the defendant is present; or if counsel waives it and the defendant subsequently acquiesces in the waiver.
 
 [7]
 

 The record shows clearly that Hampton personally and affirmatively waived his right to be present at the two juror interviews and expressly directed his counsel to waive his right to be present. In addition, Hampton waived his right to be present through the representations of his trial counsel made in open court while he was present. Moreover, Hampton subsequently acquiesced in the waiver by counsel. In other words, Hampton utilized all four available methods for waiving his right to be present at the trial judge's discussions with the two jurors.
 

 Trial counsel's performance was not deficient merely because he chose to abstain from raising meritless objections, and his failure to raise meritless objections was, by definition, non-prejudicial. Because trial counsel's performance was neither deficient nor prejudicial, the decision by post-trial counsel not to pursue a spurious claim of ineffective assistance of trial counsel was eminently reasonable. Had he pursued the claim, there is no reasonable probability that it would have succeeded in winning Hampton a new trial. Accordingly, Hampton's claim that post-trial counsel's performance amounted to ineffective assistance on this basis is meritless.
 

 (b) Hampton also criticizes post-trial counsel for allegedly failing to investigate his mental state during the trial. Hampton claims that two anti-depressants he was prescribed while in custody made him so
 

 **493
 

 sedated and confused that he was unable to assist in his own defense. Hampton notes that post-trial counsel knew that Hampton was suicidal at the time of his arrest. The State counters that the record shows that Hampton did, in fact, participate fully in his own defense and argues there is no evidence that Hampton's mental acuity was in any way impaired by the two anti-depressants outside of Hampton's own self-serving claims.
 

 At the evidentiary hearing on the amended new trial motion, Hampton's original post-trial counsel testified she saw no indication in the trial transcript that Hampton was impaired, did not comprehend the proceedings, or was unable to assist in his own defense and that, to the contrary, it was clear to her that Hampton participated fully in his defense at trial. She also testified that Hampton never suggested that his mental state might be an issue. Other evidence confirmed post-trial counsel's account. For example, the officers in charge of transporting Hampton to and from trial offered testimony that he was alert, coherent, and conversant. Moreover, there was evidence that Hampton's trial counsel did not believe that Hampton was impaired at trial either.
 

 In its order denying the amended new trial motion, the trial court specifically found that Hampton adequately understood the nature of the charges against him, comprehended his condition with respect to the proceedings, and was capable of aiding in his own defense. The trial court's finding is entitled to particular deference given that the trial judge who conducted the evidentiary hearing on the amended new trial motion was the same judge who presided over Hampton's trial. We will reverse a trial court's findings of fact in connection with a claim of ineffective assistance of counsel only where
 
 *702
 
 those findings are clearly erroneous.
 
 [8]
 
 However, nothing in the record suggest that the trial court's findings in this regard were erroneous, much less clearly erroneous. Accordingly, Hampton has demonstrated neither deficient performance nor prejudice in connection with post-trial counsel's alleged failure to investigate his mental state at trial.
 

 3. Hampton argues a new trial is warranted because the trial court erroneously instructed the jury that it could consider prior consistent statements as substantive evidence only if they were made by someone other than the witness whose testimony they are designed to bolster. The State concedes that the trial court's instruction on prior consistent statements was incorrect. Nevertheless, the State claims that a new trial is not required because the statements in
 

 **494
 

 question were admitted, not as prior consistent statements, but as admissions of a party-opponent during the State's case-in-chief. We agree.
 
 [9]
 

 The statements at issue were made by Hampton himself. They were introduced into evidence, not by Hampton, but by the State, as substantive evidence of Hampton's guilt. The trial court's instruction on prior consistent statements was erroneous, but it was mere surplusage. Having carefully reviewed the record as a whole, we are convinced beyond a reasonable doubt that the erroneous instruction had no effect on the outcome of the case. Accordingly, the error was harmless, and it provides no basis for reversing Hampton's convictions or granting him a new trial.
 

 Judgment affirmed.
 

 All the Justices concur.
 

 [1]
 

 Hampton committed his crimes on August 2, 2004. On November 10, 2004, a Whitfield County grand jury indicted him on one count of malice murder, four counts of felony murder, two counts of aggravated assault, and one count each of criminal damage to property in the first degree, criminal damage to property in the second degree, and possession of a firearm during the commission of a felony. On April 2, 2005, a Whitfield County jury acquitted Hampton on the counts requiring intent to murder (i.e., malice murder, one count of felony murder, and one count of aggravated assault) but convicted him on all remaining counts. On April 5, 2005, the trial court merged the felony murder and aggravated assault convictions and sentenced Hampton to life in prison for felony murder, ten years consecutive for criminal damage to property in the first degree, five years concurrent for possession of a firearm during the commission of a felony, and five years consecutive for criminal damage to property in the second degree.
 

 Hampton filed a notice of appeal to the Court of Appeals on April 6, 2005, but later filed a motion for remand. On May 23, 2006, the Court of Appeals transferred the case to this Court, and on July 14, 2006, we granted in part Hampton's motion for remand and directed the trial court to conduct an evidentiary hearing on Hampton's ineffective assistance of post-trial counsel claim. On August 16, 2006, with the assistance of new post-trial counsel, Hampton filed an amended new trial motion. The trial court conducted an evidentiary hearing as directed and denied Hampton's amended new trial motion on January 10, 2007. Hampton appealed. Oral argument took place on May 15, 2007.
 

 [2]
 

 Jackson v. Virginia,
 

 443 U.S. 307
 
 , 309,
 
 99 S.Ct. 2781
 
 ,
 
 61 L.Ed.2d 560
 
 (1979);
 
 In re Winship,
 

 397 U.S. 358
 
 , 361-364,
 
 90 S.Ct. 1068
 
 ,
 
 25 L.Ed.2d 368
 
 (1970).
 

 [3]
 

 Strickland v. Washington,
 

 466 U.S. 668
 
 , 688, 695,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984);
 
 Jones v. State,
 

 279 Ga. 854
 
 , 855,
 
 622 S.E.2d 1
 
 (2005).
 

 [4]
 

 Tennessee v. Lane,
 

 541 U.S. 509
 
 , 523,
 
 124 S.Ct. 1978
 
 ,
 
 158 L.Ed.2d 820
 
 (2004) ("The Due Process Clause of the Fourteenth Amendment and the Confrontation Clause of the Sixth Amendment . . . both guarantee to a criminal defendant . . . the `right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings.'") (quoting
 
 Faretta v. California,
 

 422 U.S. 806
 
 , 819 n. 15,
 
 95 S.Ct. 2525
 
 ,
 
 45 L.Ed.2d 562
 
 (1975)); see also
 
 Snyder v. Massachusetts,
 

 291 U.S. 97
 
 , 105-108,
 
 54 S.Ct. 330
 
 ,
 
 78 L.Ed. 674
 
 (1934).
 

 [5]
 

 Wilson v. State,
 

 212 Ga. 73
 
 , 74,
 
 90 S.E.2d 557
 
 (1955) ("It is the legal right of a person accused of crime in this State to be present at all stages of his trial, such right being derived from our Constitution This principle has been recognized since the establishment of this court.") (citation omitted);
 
 Wade v. State,
 

 12 Ga. 25
 
 , 29,
 
 1852 WL 1379
 
 (1852) ("The defendant has not only the right to be confronted with his witnesses, but he has also the right to be
 
 present,
 
 and see and hear,
 
 all the proceedings
 
 which are had against him on the trial before the Court.").
 

 [6]
 

 Snyder v. Massachusetts,
 

 supra,
 

 291 U.S. at 106
 
 ,
 
 54 S.Ct. 330
 
 ("No doubt the privilege may be lost by consent. . . .");
 
 Pennie v. State,
 

 271 Ga. 419
 
 , 421,
 
 520 S.E.2d 448
 
 (1999) ("It is true that a defendant may personally waive his right to be present at a stage in the trial, or counsel may waive this right for the defendant.").
 

 [7]
 

 Pennie v. State,
 
 supra,
 
 271 Ga. at 421
 
 ,
 
 520 S.E.2d 448
 
 ;
 
 Wilson v. State,
 
 supra,
 
 212 Ga. at 77-78
 
 ,
 
 90 S.E.2d 557
 
 .
 

 [8]
 

 Love v. State,
 

 268 Ga. 484
 
 , 485,
 
 490 S.E.2d 88
 
 (1997);
 
 Smith v. State,
 

 256 Ga. 483
 
 , 483,
 
 351 S.E.2d 641
 
 (1986).
 

 [9]
 

 Woodard v. State,
 

 269 Ga. 317
 
 , 319-320 & n. 18,
 
 496 S.E.2d 896
 
 (1998).