## A08A0721. HERNANDEZ v. THE STATE.
(663 SE2d 802)

PHIPPS, Judge.

Francisco Javier Hernandez was convicted of criminal gang activity,[1] armed robbery,[2] and aggravated assault upon a peace

---

[1] OCGA § 16-15-4.
[2] OCGA § 16-8-41.

officer.[3] His motion for new trial having been denied, Hernandez complains on appeal that the trial court conducted a hearing during his trial outside his presence. Because the issue was waived, we affirm.

The hearing about which Hernandez complains occurred after lunch on the fourth day of Hernandez's eight-day trial. A bailiff reported to the trial judge that several jurors had expressed security concerns after noticing certain trial spectators staring at them during lunch and that these jurors were requesting escorts to their cars at the end of each court day. In turn, the judge raised this issue at a hearing in the courtroom with the prosecutor and defense counsel, outside the presence of Hernandez, the jurors, and trial spectators.

After relating to those present the bailiff's report, the judge informed them that he had obtained the sheriff's department's agreement to escort all jurors to their cars. When asked for comments, defense counsel suggested that the jurors further be provided parking segregated from general parking areas. The judge then asked defense counsel, "[W]hat does your client have to know about this? . . . [Do] I have to include him in this conversation[?] What do you think?" Defense counsel answered that he believed Hernandez was entitled to know that certain jurors had perceived that trial spectators were staring at them and that it had caused security concerns among several jurors. The judge next asked the attorneys about polling the jurors to ascertain whether they could be impartial in the case despite whatever feelings may have resulted from having been so gazed upon. Defense counsel responded that he did not believe that polling the jurors was necessary, but if polled, each juror should be polled separately from the group. Hernandez was then called into the courtroom.

The judge told Hernandez that just before he entered the courtroom he held a discussion with "everybody that you see." The judge related to Hernandez the discussions that had occurred in his absence and told him that they had "concluded that you had to be a part of those discussions, and so that's where we are right now." Pursuant to the judge's request, the bailiff recounted what had occurred during lunch; in addition, the bailiff answered the judge's follow-up questions. The judge then announced his proposal to ask each juror, outside the presence of the others:

> What did you see? What were you told? Notwithstanding what you saw or what you heard, can you decide this case

---

[3] OCGA § 16-5-21.

based solely upon the facts and the law as it comes to you in this courtroom? Has what you've seen or heard outside of court in any way affected your ability to do your job as a juror?

Defense counsel responded, "That is acceptable, Judge." The court then directly addressed Hernandez:

Court: Okay. Mr. Hernandez, so you understand what I'm going to do?
Hernandez: Yes, Sir.
Court: Okay. Are you in agreement with that?
Hernandez: Yes.
Court: Would you like to do that, as well?
Hernandez: Yes, sir.

Accordingly, polling of the jurors proceeded. Each juror was questioned; each answered that he or she had not been affected by the lunch incident, remained impartial, and could decide the case based on the evidence and the law. Thereafter, the court asked the attorneys whether any further inquiry of the jurors was needed; they responded no. Defense counsel added that he found the judge's voice tone and choice of words neutral, which did not suggest any particular answer; defense counsel further added that he found each juror's body language and facial expression consistent with his or her answer that he or she could be fair in deciding the case. The trial proceeded.

A criminal defendant has the right to be present at all critical stages of the proceedings against him.[4] "[A] critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way."[5] This right to be present belongs to the defendant, and he is free to relinquish it if he so chooses.[6] Wavier results: "if the defendant personally waives it in court; if counsel waives it at the defendant's express direction; if counsel waives it in open court while the defendant is present; or if counsel waives it and the defendant subsequently acquiesces in the waiver."[7]

Even assuming for the sake of argument that the initial portion of the hearing constituted a critical stage of Hernandez's criminal

---

[4] *Hampton v. State*, 282 Ga. 490, 491-492 (2) (a) (651 SE2d 698) (2007).

[5] *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001) (citation and punctuation omitted).

[6] *Hampton*, supra at 492.

[7] Id. (footnote omitted).

proceedings at which he was entitled to be present,[8] Hernandez waived the issue. The trial transcript shows clearly that Hernandez's attorney was aware that Hernandez was not in the courtroom during that portion of the hearing, did not object to the matters being considered outside his client's presence, but participated in the discussions. The hearing was very quickly suspended, however, so that Hernandez could be present. Once inside the courtroom, Hernandez was told by the judge that the hearing had begun outside his presence. The judge detailed to Hernandez what had transpired during his absence and informed him how he planned to deal with the matter. In addition, Hernandez was present as the bailiff recounted what he had been told by jurors. Hernandez did not repudiate his counsel's apparent waiver of any right to have been present during the earlier portion of the hearing, but stated that he was in agreement with the plan. Under these circumstances, Hernandez's attorney waived any right Hernandez may have had to be present during the earlier portion of the hearing, and Hernandez subsequently acquiesced in the waiver.[9] Hernandez makes no contention that he was not present when each juror was questioned as to his or her ability to decide the case based upon the evidence and law presented,[10] and he claims no error whatsoever with respect to that part of the hearing.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 20, 2008.

*Wystan B. Getz*, for appellant.

---

[8] Compare *Huff*, supra at 111-112 (where charge conference essentially involved legal argument about which the defendant presumably had no knowledge and thus would have neither made a meaningful contribution to the conference nor gained anything by being present, the conference was not one of those stages at which the defendant had an unequivocal right to be present) with *Brooks v. State*, 271 Ga. 456-457 (2) (519 SE2d 907) (1999) (in-chambers conferences at which the judge, the prosecutor, and defense counsel struck prospective jurors for cause, discussed and resolved defense counsel's *Batson* challenge, and conducted a portion of the jury strikes constituted critical stages of the criminal proceedings at which the defendant was entitled to be present). See generally OCGA § 15-1-3 (vesting in the court the power to preserve and enforce order in its immediate presence and as near thereto as is necessary to prevent interruption, disturbance, or hindrance to its proceedings).

[9] See *Johnson v. State*, 283 Ga. App. 524, 527 (3) (642 SE2d 170) (2007); *Hampton*, supra at 492; *Russell v. State*, 230 Ga. App. 546, 547 (1) (497 SE2d 36) (1998) ("acquiescence" means a tacit consent to acts or conditions and implies a knowledge of those things which are acquiesced in).

[10] See *Sammons v. State*, 279 Ga. 386, 387 (2) (612 SE2d 785) (2005) (proceedings at which the jury composition is selected or changed are critical stages at which the defendant is entitled to be present); *Fictum v. State*, 188 Ga. App. 348, 350 (2) (c) (373 SE2d 54) (1988) (defendant's right to be present extends to the selection of the jury when the defendant may challenge prospective jurors "simply on the basis of the sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another") (citation and punctuation omitted).

*Daniel J. Porter, District Attorney, Jeanette F. Shaw, Assistant District Attorney*, for appellee.