**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 26, 2015**

# In the Court of Appeals of Georgia

A14A1840. DAVIS v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Javarious Demario Davis of possession of a firearm during the commission of a felony and five counts each of armed robbery and aggravated assault. Following the denial of his motion for new trial, he appealed, arguing that the trial court erred in denying his motion to sever his trial from that of his three co-defendants and in failing to exclude similar transaction evidence against one of his co-defendants. He further argues that he was denied his constitutional right to be present during a critical stage of his trial.

Viewed in the light most favorable to the verdict, the evidence at trial showed that four men in a grey or silver Chevrolet with a Kentucky license plate pulled up to a construction site where five Hispanic workers were taking a lunch break. One man remained in the car while three others got out. While the workers thought at first that the men were approaching to offer them work, one man pointed a black handgun at

them and demanded their wallets. Another man acted as a look-out, and the fourth man, later identified as Davis, took the wallets from each worker and extracted a total of $800 to $925, including a $2 bill and a 20-peso bill. Davis tossed the wallets on the ground and the robbers left. The workers, none of whom spoke English, called their foreman, who called 911, and the police responded to the scene. One of the workers had written the license plate number on a two-by-four with a carpenter's pencil, and the police issued a be-on-the-lookout for a gray or silver Chevrolet with a particular Kentucky license plate.

A patrol officer saw the car parked in the driveway of a residence a mile or two from the robbery site. Because there were "a lot of people outside," she parked with the property in view, called it in, and waited for more officers to arrive. Another officer rode his motorcycle by the house and saw four men and two women standing in front of the car with the Kentucky plates. After additional back-up officers arrived, they converged on the residence and the men attempted unsuccessfully to flee or hide in the house.

The police drove four of the five victims to the house where the car was located, while one victim waited at the site to make sure their tools were not stolen in their absence. The victims identified three of the four men and the car on-site, and

following their arrest, the police found cash on three of the four men, including Davis. One co-defendant also had two $2 bills among the American money and another had a 20-peso bill. A search of the car uncovered a black handgun hidden under the carpet on the front passenger side. Davis's aunt had rented the car and had lent it to him around the time of the robbery.

The four men were indicted for possession of a firearm during the commission of a felony and five counts each of armed robbery and aggravated assault, and Tranard Bivins was acquitted of all charges. The other three, Davis, Ryan Davis, and Shannon Bradley, were convicted on all counts. After the trial court merged the aggravated assault counts into the armed robbery counts, Ryan Davis and Bradley were sentenced to life as recidivists, and Javarious Davis was sentenced to 15 years to serve concurrently on each armed robbery count, plus five years consecutively on the firearms charge, which the court suspended.

Although Davis does not challenge the sufficiency of the evidence, we find that the evidence as summarized above was sufficient to enable a rational trier of fact to

conclude beyond a reasonable doubt that he was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).[1]

2. Davis argues that (a) the trial court erred in denying his motion to sever or alternatively to exclude the similar transaction evidence, and (b) that he was denied his constitutional right to be present at all critical stages of his trial because he left the courtroom while the State presented similar transaction evidence against his co-defendant Ryan Davis. The record shows, however, that Davis never moved to sever his trial from his co-defendants' trial or to exclude the similar transaction evidence, and that he waived his right to be present and acquiesced to his absence while the State presented the similar transaction evidence against Ryan Davis.

The State filed a notice of its intent to present evidence that co-defendant Ryan Davis had committed similar transactions. During a motions hearing on the day before trial began, the trial court heard and addressed the State's motion in limine to prevent the defendants from referring to the victims' immigration status. The trial court then referred to a ruling made in regard to co-defendant Bivins only. Davis asked to be included in that ruling as he had moved to adopt the motions of any co-

[1] In Case Number A12A0526, this court affirmed Bradley's judgment of conviction in an unpublished opinion issued on May 9, 2012.

4

defendant, and the trial court responded that it did not recognize such motions but required each defendant to file a specific motion for the relief he sought. Then, after addressing issues of trial mechanics with the four co-defendants, the trial court asked counsel for everyone but Ryan Davis whether they saw any need for their clients to be present during the rest of the hearing, which would address the State's motion to introduce evidence of similar transactions against Ryan Davis. No one objected, and the trial court excused Javarious Davis, Bivins, and Bradley, who then left the courtroom. Counsel for Bradley confirmed that he was excused until the next morning, and apparently also left the courtroom.

The trial court proceeded to hear the State's motion to present the similar transaction evidence against Ryan Davis. It appears from the record that counsel for Bivins remained, but the record does not establish whether or not counsel for Javarious Davis remained during the similar transaction hearing. The State proffered that it could present evidence that a similar group of men committed two additional armed robberies of Hispanic construction workers with a black handgun ten or fifteen minutes before the robbery at issue, both less than eight miles from the one in the current case, that the robbers were in a car with a blue and white out-of-state license, and that a Kentucky license plate is blue and white. Additionally, the State proffered

that after a detective who was working on these earlier robberies heard that about the arrests in the current case with such similar facts, he presented the victims with a photographic line-up, and both identified Ryan Davis as one of the men who had robbed them. The trial court found that the prior robberies were similar enough in time, in geographic location, and in other details so that evidence about them was admissible in the current case to establish course of conduct, common plan or scheme, and identity.

During the trial itself, the court notified the parties that it would instruct the jury on the limited purpose of the similar transaction evidence as soon as anyone notified it that introduction of that evidence was imminent. Before the State called the first of the two similar transaction witnesses, it asked the court to give the limiting instruction to the jury, and the court took a brief recess. When court reconvened but just before the jury returned, counsel for co-defendant Bradley moved the court to sever the case "if you're going to allow a similar, because what it does, it's a spillover with my client. And he's not charged with this. And it's a similar against him. And the jury may not be able to differentiate between the two." The jury returned to the courtroom at that moment, after which the following exchange took place:

THE COURT: Okay. I'll deny that, but I'll have to try to make sure that's clear.

[BRADLEY'S COUNSEL:] Or excuse us, please.

[J. DAVIS'S COUNSEL:] Ditto for Davis.

THE COURT: So is that acceptable with all of you, I mean, if I do that?

[J. DAVIS'S COUNSEL:] The "S' word?

THE COURT: Well, no, just for now.

THE DEPUTY SHERIFF: All jurors are present.

THE COURT: Okay. Well, we may go out again. Hold on a second. They've asked me something here. Quickly confer.

(Brief pause)

[BRADLEY'S COUNSEL:] Yes.

THE COURT: [Javarious Davis's counsel], you're onboard with that?

[J. DAVIS'S COUNSEL:] Yes.

The court sent the jury out again, and then stated,

Okay. The record shall reflect that three of the defendants, Shannon Bradley, Javarious Davis[,] right, and Bivins, Trenard Bivins, and their counsel have all asked to be excused from this portion, which is the similar transaction evidence as to Mr. Ryan Davis only. Correct, everybody?

[BIVINS' COUNSEL:] Yes, sir.

THE COURT: You've asked to be excused. And all of you agree that it's okay and you're going to leave Mr. Evans and his client here alone for this purpose; right?

[BIVINS' COUNSEL:] Yes, sir.

THE COURT: Okay. You may be excused.

7

[BRADLEY'S COUNSEL:] We just request one — you're going to charge the jury accordingly on the similar?

THE COURT: Yes, I'm going to give the similar and I'm going to say it applies only to Ryan Davis and I've excused y'all by agreement for the rest of the afternoon because this only affects him. Okay?

[BRADLEY'S COUNSEL:] Thank you.

With that, Javarious Davis, Bradley, Bivins, and their lawyers left the courtroom, leaving Ryan Davis, his lawyer, and the prosecutors. The jury returned and the trial court instructed it that the upcoming evidence was to be considered only against Ryan Davis and only for the limited purpose of showing, if it did show, "the identity of the perpetrator, the course of conduct, the modus operandi, plan or scheme in the crimes which are charged in the case now on trial." The State then presented evidence consistent with its proffer, which included the testimony of the foreman on one of the similar transaction construction sites and the investigating detective. The detective identified two photographic line-ups that included Ryan Davis's picture in position number four.

The foreman testified that he was working on the foundation of a house in January 2008 with six Hispanic workers when three African-American men robbed them mid-day. One robber pulled out a black handgun and instructed the other men

"to check the Hispanic guys for money[, but] don't mess with the black man, just get them." The foreman said he was the only African American present and tried to tell them that the crew did not have any money because they had not been paid in a couple of weeks, but, he testified, the gunman "told me to shut up or that I would be next or that he would get me too." The robbers took money from the one man who had any and then walked up the street and left in a light blue Chevrolet car with a blue and white license plate. An officer came to the scene after the foreman called 911, and a day or two afterward, the foreman viewed photographic lineups and identified the man in position number four as one of the robbers. He also identified Ryan Davis in the courtroom as one of the robbers and the man he had selected from the photographic line-up. After the foreman finished testifying, the jury was excused for the weekend. When court resumed on Monday, the State recalled a detective to identify photographs of Ryan Davis and Bradley, then rested.

(a) Defendants who are jointly indicted for crimes in which the State does not seek the death penalty "may be tried jointly or separately in the discretion of the trial court." OCGA § 17-8-4 (a). We review the trial court's denial of a motion to sever for abuse of discretion. *Rhodes v. State*, 279 Ga. 587, 590 (3) (619 SE2d 659) (2005). Here, however, Davis made no motion to sever, either before trial or during the

9

somewhat cryptic exchange among counsel and the trial court quoted above, and similarly made no motion to exclude the similar transaction evidence at trial or during the pretrial hearing on the issue. Only Bradley moved to sever the trial or exclude the evidence, and Davis did not join his co-defendants' motions.

> Appellant argues that it was error for the trial court to refuse to grant a co-defendant's motion for severance. The appellant made no motion for severance on his own behalf. . . . The appellant in this case did not elect to sever. There is no authority, under the statute, to require the court to sever the trial of a defendant who has made no motion to sever. The right to a severance under both the Georgia law and the American Bar Association Standards Relating to the Administration of Criminal Justice arises only upon an appropriate motion. No motion to sever having been made in the trial court, the contention is without merit. It is too late after an adverse verdict to raise the issue for the first time.

(Citations and punctuation omitted.) *Way v. State*, 239 Ga. 316 (2) (236 S.E.2d 655) (1977).

While Davis raised the issue in his motion for new trial, his failure to raise it at trial waives his right to argue the issue on appeal. *Moore v. State*, 272 Ga. 359, 360 (3) (528 SE2d 793) (2000) (right to severance arises only on an appropriate motion at trial).

10

(b) Davis also argues that he was denied his constitutional right to be present during a critical stage of his trial, which was the introduction of the similar transaction evidence against co-defendant Ryan Davis.

"[E]mbodied within the Georgia constitutional right to the courts is a criminal defendant's right to be present and see and hear[] all the proceedings which are had against him on the trial before the court." (Citation, punctuation, and emphasis omitted.) *Pennie v. State*, 271 Ga. 419, 421 (2) (520 SE2d 448) (1999). That right "is a fundamental right and a foundational aspect of due process of law. . . . Notwithstanding, the right to be present belongs to the defendant and the defendant is free to relinquish that right if he or she so chooses." *Ward v. State*, 288 Ga. 641, 645 (4) (706 SE2d 430) (2011). "The right is waived if the defendant personally waives it in court; if counsel waives it at the defendant's express direction; if counsel waives it in open court while the defendant is present; or if counsel waives it and the defendant subsequently acquiesces in the waiver." *Hampton v. State*, 282 Ga. 490, 492 (2) (a) (651 SE2d 698) (2007).

As the trial court observed in its order denying Davis's motion for new trial on this ground, Davis was present in the courtroom when his counsel waived his right to attend the proceedings while the State introduced the similar transaction evidence

11

against Ryan Davis. Thus Javarious Davis "waived his right to be present through the representations of his trial counsel made in open court while he was present." *Hampton*, 282 Ga. at 492.

Further, Davis waived his right to be present by acquiescing in the proceedings described above.

> Acquiescence means a tacit consent to acts or conditions, and implies a knowledge of those things which are acquiesced in. One can not acquiesce in a wrong while ignorant that it has been committed, and the knowledge must be of facts. Acquiescence may arise where a person who knows that he is entitled to enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right. Whether appellant knowingly acquiesced to the waiver of his presence, by his counsel, is a mixed question of law and fact.

(Citations and punctuation omitted.) *Russell v. State*, 230 Ga. App. 546, 547 (1) (497 SE2d 36) (1998).

In its order denying Davis's motion for new trial, the trial court noted that it had "advised those in the courtroom, including the Defendant, about the request of his attorney to excuse him for the remainder of the day during the testimony against co-defendant [Ryan] Davis." The court further found that Davis

12

voiced no objection, and declined to question the Court regarding his counsel's decision. Moreover, the following day when trial resumed for all defendants, the Defendant again failed to object or question the Court as to his lack of presence during the presentation of the similar transaction evidence the previous day.

Davis thus waived his right to be present during that portion of the trial by failing to object to his absence. *Heywood v. State*, 292 Ga. 771, 775 (3) (743 SE2d 12) (2013) (failure to voice objection to absence from bench conference after trial judge advised those in courtroom about topic of discussion "constituted acquiescence in his counsel's waiver of his right to be present"). Accordingly, we find no error.

*Judgment affirmed. Boggs and Branch, JJ., concur*.