NAHMIAS, Justice, concurring.
I join the Court's opinion, including its holding in Division II that Goodrum acquiesced to his absence for the discussion during which the trial court removed one of the jurors trying his case. I write separately to recognize that it "has long been established that '[p]roceedings at which the jury composition is selected or changed are ... critical stage[s] [of a trial] at which the defendant is entitled to be present.' " Zamora v. State, 291 Ga. 512, 518, 731 S.E.2d 658 (2012) (quoting Sammons v. State, 279 Ga. 386, 387, 612 S.E.2d 785 (2005). "Accordingly, [Goodrum] clearly had a constitutional right to be present during the proceedings at which one of the jurors trying his case was removed." Id.
The State contends that the proceeding from which Goodrum was excluded involved a purely legal question akin to the issues discussed during a charge conference or a bench conference on evidentiary or procedural *225 issues. See, e.g., Heywood v. State, 292 Ga. 771, 774, 743 S.E.2d 12 (2013) ; Huff v. State, 274 Ga. 110, 111, 549 S.E.2d 370 (2001). That is incorrect. To begin with, a sitting juror could not be excused without a factual showing of cause-in this case whether juror Tullis had been previously convicted of a felony and, if so, whether his civil right to serve on a jury had been restored. All of the evidence regarding those facts was developed outside Goodrum's presence, including during the break at which the juror was questioned in chambers and the prosecutor and the trial court sought unsuccessfully to verify his belief that his rights had been restored. The court may also have heard legal arguments from counsel and made a ruling applying the law to the facts as the court viewed them, but the proceeding was not limited to purely legal issues.
In addition, this Court's precedents to date have not drawn a distinction between factual and legal issues with regard to a defendant's right to be present during discussions about a juror's removal. See, e.g., Williams v. State, 300 Ga. 161, 165, 794 S.E.2d 127 (2016) (holding that, although the appellant was present when a juror asked to be excused for hardship based on his travel plans and when the trial court announced that the juror was being excused for that reason, the appellant "had the right to be present at the [intervening] bench conference at which the juror's excusal was discussed"); Smith v. State, 298 Ga. 406, 409, 782 S.E.2d 269 (2016) (holding that, although the appellant was present for the factual development of the reason for a juror's removal, he had a right to be present when the court asked for legal argument and then removed the juror); Heywood, 292 Ga. at 774, 743 S.E.2d 12 (holding that, although the appellant did not have a right to be present at 12 bench conferences discussing "legal arguments regarding objections and proper trial procedure or logistical matters," he did have a right to be present at the one bench conference during which "the topic included whether to replace the prospective jurors"). Accordingly, our decision should not be read to cast doubt on the "well-established" rule that a defendant who is not allowed to see and hear a proceeding during his trial "at which a juror is discussed and dismissed is not 'present' to the extent required under the federal and state Constitutions." Murphy v. State, 299 Ga. 238, 240, 787 S.E.2d 721 (2016). With this understanding, I join the Court's opinion in full.
I am authorized to say that Presiding Justice Melton and Justice Hunstein join this concurrence.