# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1171.  JAVARIOUS DAVIS v. THE STATE.**

In 2009, a jury convicted Javarious Davis of possession of a firearm during the commission of a felony and five counts each of armed robbery and aggravated assault.  The trial court sentenced Davis to fifteen years to serve in confinement for the armed robberies and five years suspended for the firearm count.  His convictions were affirmed on appeal.  *Davis v. State*, 331 Ga. App. 585 (771 SE2d 232) (2015).  In 2017, Davis filed a "Motion to Modify Void Sentence Based on Court's Misapprehension of Fact," asserting that the trial court's oral sentence of fifteens years to serve with eligibility for parole after ten years is an illegal and void sentence because a person convicted of armed robbery is not eligible for parole pursuant to OCGA § 17-10-6.1 (c) (4).  The trial court denied the motion and Davis filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  *Frazier*, 302 Ga. App. at 348.

Pretermitting whether the trial court made an incorrect statement at the sentencing hearing, "[a]n oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is." *Young v. State*, 328 Ga. App. 91, 92 (761 SE2d 504) (2014) (punctuation omitted); see also *Bell v. State*, 294 Ga. 5, 8-9 (2) (749 SE2d 672) (2013) ("It is the sentence signed by the judge, not his oral declaration, that is the sentence of the court."). Here, the written sentence of fifteen years in confinement for the armed robberies is within the statutory range of punishment. OCGA § 16-8-41 (b). Because Davis's sentence is not void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   02/06/2019*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*