306 Ga. 166
FINAL COPY

S19A0674.  TOOKES v. THE STATE.

BLACKWELL, Justice.

Kavion Wyzeenski Tookes pleaded guilty to murder with malice aforethought, kidnapping, armed robbery, and other crimes, all in connection with a violent home invasion. The trial court accepted his plea and promptly imposed sentence, including a sentence of imprisonment for life without the possibility of parole for the murder. The next day, Tookes filed a motion to withdraw his plea, claiming that his lawyer had misadvised him about his sentence and that he was denied his right to be present for a portion of his plea and sentencing. The trial court denied his motion, and Tookes appeals. We see no error and affirm.

1. Early on the morning of June 23, 2017, Tookes, Travione Reynolds, and Jeffrey Lee Wallace invaded the Fayette County home of Albert and Beverly DeMagnus. In the course of this home invasion, Mr. DeMagnus was fatally stabbed, and Mrs. DeMagnus

was forced at gunpoint to surrender cash and jewelry. Tookes and Wallace fled the scene in Mr. DeMagnus's car, which they later wrecked while attempting to elude law enforcement officers. When Tookes eventually was apprehended, he grabbed the firearm of one of the arresting officers, and he was subdued only after the officers deployed a Taser.

In September 2017, the grand jury indicted Tookes, Reynolds, and Wallace, charging them with murder, kidnapping, armed robbery, home invasion, aggravated assault, and possession of a firearm during the commission of a crime. In addition, the grand jury charged Tookes and Wallace with theft by taking of a motor vehicle or fleeing attempting to elude a law enforcement officer, and it charged Tookes alone with attempting to remove a weapon from a public official. Their case was set for trial in May 2018.

As trial approached, Tookes learned that Reynolds and Wallace intended to plead guilty. Upon the advice of counsel, Tookes decided to plead guilty as well, and on the day that the trial was set to commence, Tookes and both of his co-defendants were brought to the

courtroom to enter their pleas. The trial court started with Reynolds, advising him of his rights and conducting a plea colloquy. The trial court then turned its attention to Tookes. The trial court advised Tookes of his rights and began a plea colloquy. At first, Tookes indicated that he did, in fact, intend to plead guilty, but as the plea colloquy went on, Tookes apparently changed his mind. When he announced that he did not want to plead guilty, the trial court suspended the plea colloquy and turned to Wallace, advising him of his rights and conducting a plea colloquy with him. When the trial court finished the plea colloquy with Wallace, Tookes was excused from the courtroom so that he could prepare for his trial, which would commence shortly. After Tookes was led away, the prosecuting attorney proffered the factual basis for the pleas entered by Reynolds and Wallace, and the trial court received evidence in aggravation and mitigation as to Reynolds and Wallace.

In the meantime, Tookes met with his lawyer and mother at the jail, and he changed his mind yet again about pleading guilty. He was returned to the courtroom as Reynolds was presenting his

mitigation evidence, and when Reynolds finished, the trial court turned its attention back to Tookes. The trial court resumed its plea colloquy with Tookes, advising him again of his rights. When the plea colloquy was concluded and Tookes entered his guilty plea, the trial court asked the prosecuting attorney to proffer the factual basis for Tookes's plea, noting that Tookes had been absent for the earlier proffer. The prosecuting attorney did so, and the State then presented evidence in aggravation as to Tookes — the testimony of the officer from whom Tookes attempted to take a weapon and a video recording of his efforts to resist arrest. Tookes then presented three witnesses in mitigation. And his lawyer made a statement on his behalf, expressing remorse and asking for mercy. The trial court then proceeded to pronounce sentence for all three defendants.

2. Tookes argues that he is entitled to withdraw his plea because it was induced by the assurance of his lawyer that, if he pleaded guilty, he would only be sentenced to imprisonment for life *with* the possibility of parole. But at the hearing on his motion to withdraw, both his lawyer and mother testified that the lawyer gave

no such assurance. They both testified that the lawyer, in fact, told Tookes only that there was a chance that he would be sentenced to life with the possibility of parole if he pleaded guilty. The trial court found that Tookes was not credible, that his lawyer and mother were, and that the court actually had considered a sentence of life with the possibility of parole. The findings of the trial court on these points are not clearly erroneous, and Tookes is not entitled to withdraw his plea upon his claim that he was misadvised by his lawyer. See McGuyton v. State, 298 Ga. 351, 355 (1) (b) (782 SE2d 21) (2016) ("Credibility determinations are within the purview of the trial court[,] and the court's factual findings will not be disturbed unless clearly erroneous.").

3. Tookes also argues that he is entitled to withdraw his plea because he was absent from the courtroom during a portion of the proceedings on the day that he entered his plea, and his absence amounts, he says, to a denial of his right to be present at any "critical stage" of his prosecution. See Brewner v. State, 302 Ga. 6, 10 (II) (804 SE2d 94) (2017) ("[A] 'critical stage' of a criminal proceeding is

5

defined as 'one in which the defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way.'" (Citation omitted)). See also Huff v. State, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001) ("The right to be present attaches at any stage of a criminal proceeding that is critical to its outcome if the defendant's presence would contribute to the fairness of the procedure." (Citation and punctuation omitted)). Here, however, Tookes was not absent from any part of *his* proceedings. He was present until after he indicated in the midst of his original plea colloquy that he did not, in fact, wish to plead guilty. He was removed from the courtroom for a time to prepare himself for trial, and during that time, the trial court heard a factual proffer from the prosecuting attorney and evidence in aggravation and mitigation as to Reynolds and Wallace. After Tookes was returned to the courtroom, the trial court reinitiated its plea colloquy with Tookes, had the prosecuting attorney make a separate proffer of the factual basis for his plea, and heard evidence and argument in aggravation and mitigation as to Tookes.

Tookes claims that he should have been present during the plea proceedings conducted for Reynolds and Wallace, and — without pointing to anything in particular — Tookes says that the trial court must have relied on *something* it learned during those proceedings "given the harsh sentence . . . Tookes received" for malice murder. But it does not seem to us that Tookes received a particularly harsh sentence given the severity of that crime. See, e.g., Cunningham v. State, 304 Ga. 789, 790, n.2 (822 SE2d 281) (2018) (defendant sentenced to imprisonment for life without the possibility of parole for malice murder conducted during home invasion); Harris v. State, 304 Ga. 276, 277, n.1 (818 SE2d 530) (2018) (same); Brewner, 302 Ga. at 7, n.1 (same). Moreover, the trial court found at the hearing on the motion to withdraw that Tookes's sentence was based on the proffer, evidence, and argument presented in Tookes's presence, not on things that occurred during his absence, and the trial court noted that Tookes himself failed to ask forgiveness or show remorse. These findings are not clearly erroneous, and the record simply does not show that Tookes was

7

absent for any critical stage of *his* prosecution. The denial of the motion to withdraw is not error.

Judgment affirmed. All the Justices concur.

DECIDED JUNE 10, 2019.

Murder. Fayette Superior Court. Before Judge Sams.

Michele B. Lord, for appellant.

Benjamin D. Coker, District Attorney, E. Morgan Kendrick, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General, for appellee.