In the Supreme Court of Georgia


Decided: January 11, 2021


S21A0207.  NESBY v. THE STATE.


BETHEL, Justice.

Javian Bernard Nesby appeals his convictions for malice murder and other crimes in connection with the shooting death of Jordan Morris.[1] Nesby contends that the trial court erred by

---

[1] The crimes occurred on April 12, 2017. In May 2017, a DeKalb County grand jury indicted Nesby and Michael Lamar Grier jointly for malice murder (Count 1), felony murder based on aggravated assault (Count 2), aggravated assault (Count 5), and possession of a firearm during the commission of a felony (Count 8). Nesby was also charged individually with felony murder based on possession of a firearm by a first offender probationer (Count 3) and possession of a firearm by a first offender probationer (Count 6). Grier was charged individually with felony murder based on possession of a firearm by a convicted felon (Count 4) and possession of a firearm by a convicted felon (Count 7). A jury jointly tried Nesby and Grier in September 2018. Nesby was found guilty on all counts, and Grier was found guilty only of possession of a firearm by a convicted felon. The trial court sentenced Nesby to life in prison without the possibility of parole on Count 1. Counts 2 and 3 were vacated by operation of law, and the trial court merged Count 5 into Count 1. The trial court also sentenced Nesby to five concurrent years on Count 8 and five consecutive years on Count 6. However, Count 6 appears to have been erroneously recorded as "possession of a firearm by a convicted felon" on the sentencing form due to a scrivener's error. See Division 3 below. On December

conducting numerous bench conferences outside of his presence. For the reasons explained below, we affirm.

1. By way of background, the evidence presented at trial showed that on April 12, 2017, Nesby saw his friend, co-defendant Michael Grier, at a gas station. Grier was about to go to a barbershop across the highway, and Nesby asked Grier if he could ride with him. Nesby testified at trial that at the barbershop, they encountered two young men who had broken into Nesby's fiancée's car the previous evening and who shot at his fiancée and her brother in Nesby's presence. Nesby testified that these two young men were armed and threatened him. Nesby asked Grier to take him to a friend's house where he obtained a gun. Grier then returned with Nesby to the gas station. Nesby testified that while he was "hanging out" at the gas station, he again encountered the two young men who had

6, 2018, Nesby filed a motion for new trial, which was subsequently amended. The trial court denied the motion for new trial on November 7, 2019. Nesby filed a notice of appeal through new counsel on December 6, 2019. This case was docketed in this Court to the term commencing in December 2020 and submitted for a decision on the briefs.

2

threatened him and that one of the young men shot at him. Nesby shot one of the men, Morris; Nesby maintained that he acted in self-defense.

Surveillance video recordings from the surrounding businesses did not show Morris firing shots at Nesby, but showed Nesby running with a large gun and firing shots at Morris. Two witnesses described seeing a man matching Nesby's description firing several shots at Morris, who was running away from Nesby. After Nesby shot Morris, Nesby ran away. Morris died from a gunshot wound to the neck. When Nesby returned to his home, he told his fiancée, "Baby, they shot at you," and "he had to do what he had to do because the boy had . . . a gun[.]"[2]

2. Nesby complains that throughout trial, both during voir dire and during the presentation of the evidence, the trial court conducted bench conferences with counsel outside of his presence,

---

[2] Nesby does not argue that the evidence was insufficient to support his convictions, and because this case was docketed to the term beginning in December, we do not review that issue sua sponte. See *Davenport v. State,* 309 Ga. 385, 391-392 (4) (846 SE2d 83) (2020).

which he claims violated his right under the Georgia Constitution to be present at all critical stages of the proceeding. We disagree.

"Since the earliest years of this Court, we have held that the Georgia Constitution guarantees criminal defendants the right to be present, and see and hear, all the proceedings which are had against him on the trial before the Court." (Citation and punctuation omitted.) *Zamora v. State*, 291 Ga. 512, 518 (7) (b) (731 SE2d 658) (2012). "The right to be present attaches at any stage of a criminal proceeding that is critical to its outcome if the defendant's presence would contribute to the fairness of the procedure." (Citation and punctuation omitted.) *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001). "Thus, a 'critical stage' of a criminal proceeding is defined as 'one in which the defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way.'" (Citation omitted.) Id. "It also has long been established that proceedings at which the jury composition is selected or changed are critical stages at which the defendant is entitled to be present." (Citation and

punctuation omitted.) *Zamora*, 291 Ga. at 518 (7) (b).

However, a defendant's presence at bench conferences that deal with questions of law and consist of "essentially legal argument about which the defendant presumably has no knowledge," or those that deal with logistical and procedural matters, "bears no relation, reasonably substantial, to the fullness of his opportunity to defend against the charge[.]" (Citations and punctuation omitted.) *Heywood v. State*, 292 Ga. 771, 774 (3) (743 SE2d 12) (2013). "[T]he constitutional right to be present does not extend to situations where the defendant's presence would be useless, or the benefit but a shadow." (Citation and punctuation omitted.) Id. Thus, a defendant's absence from such bench conferences does not violate his right to be present. See, e.g., *Brewner v. State*, 302 Ga. 6, 11-12 (II) (804 SE2d 94) (2017) ("[B]ench conferences pertaining to purely legal issues, such as the admissibility of evidence . . . , ordinarily do not implicate the right to be present."); *Heywood*, 292 Ga. at 774 (3) (rejecting the defendant's right to be present claim where bench conferences involved only objections and trial procedure or logistical

5

matters); *Parks v. State*, 275 Ga. 320, 324-325 (3) (565 SE2d 447) (2002) (defendant's absence from conferences that discussed legal matters, such as objections and the admission of exhibits, did not violate his right to be present); *Smith v. State*, 319 Ga. App. 590, 596 (737 SE2d 700) (2013) (no violation of constitutional right to be present where the challenged sidebars involved only "housekeeping matters or the merits of evidentiary objections").

None of the bench conferences about which Nesby complains were transcribed, and Nesby has failed to present evidence that any of the bench conferences about which he complains were the sort that implicated his right to be present. "[M]ere speculation as to what may have been discussed at the conference[s] cannot serve as the basis for the grant of a new trial." (Citation and punctuation omitted.) *Reeves v. State*, ___ Ga. ___ (847 SE2d 551, 554 (2)) (2020).

Moreover, even assuming that Nesby's right to be present was implicated based on trial counsel's testimony at the motion for new trial hearing that he "probably . . . made motions for cause" at the one bench conference that occurred during the questioning of

potential jurors, Nesby acquiesced in his own absence from the conference. "'[T]he right to be present belongs to the defendant, and he is free to relinquish it if he so chooses.'" (Citation omitted.) *Burney v. State*, 299 Ga. 813, 820 (3) (b) (792 SE2d 354) (2016). A defendant

> may personally waive his right to be present at a stage in the trial, or counsel may waive this right for the defendant. But in order for the waiver of counsel to be binding on the defendant, it must be made in his presence or by his express authority, or be subsequently acquiesced in by him.

(Citation and punctuation omitted.) *Pennie v. State*, 271 Ga. 419, 421 (520 SE2d 448) (1999).

Before this bench conference, in open court and in the defendant's presence, the trial court asked the potential jurors if the statutory exemptions for jury service, including being the caretaker of a young child or disabled adult, applied to anyone. Jurors 12, 13, and 24 indicated that the exemption applied to them. Juror 12 responded that she did not work outside the home but homeschooled a ten-year-old child and took care of a two-year-old. Juror 13 replied

that she was the single mother of a ten-month-old whom she cared for, and that the child's father could not continue to take off work to watch the child. Juror 24 indicated that she was a stay-at-home parent for a two-year-old and a four-year-old and that her spouse would be traveling for work, and that there was no one else available to care for the children. The trial court then asked the attorneys to approach, and a bench conference, which was not transcribed, was held. Following the end of juror questioning for the day, the trial court excused Jurors 12, 13, and 24 in open court and in the defendant's presence after confirming that their removal comported with counsels' records.

Nesby was in the courtroom at the defense table during voir dire, and, thus, was in a position to hear the trial court go through these statutory exemptions for jury service, and to hear the affirmative responses Jurors 12, 13, and 24 gave to the caretaker question, as well as to observe counsel approach the bench. Moreover, Nesby's trial counsel testified at the hearing on the motion for new trial that, during the proceedings in this case, he

8

discussed all the issues with Nesby that were raised with the court during the bench conferences, and the trial court expressly credited counsel's testimony at the motion for new trial hearing. Finally, Nesby was present when the trial court confirmed with the prosecutor and defense counsel that Jurors 12, 13, and 24 were to be removed. Nesby neither voiced disagreement with the trial court's decision or his counsel's conduct, nor did he ask for any explanation. Thus, even assuming Nesby's right to be present was implicated, he acquiesced in the limited trial proceedings that occurred in his absence. See *Brewner*, 302 Ga. at 11-12 (II) (defendant acquiesced in trial court's dismissal of a prospective juror in his absence where he was made aware of what had occurred, his trial counsel indicated no objection, and the defendant never voiced disagreement during trial with either the trial court's decision or his counsel's conduct); *Jackson v. State*, 278 Ga. 235, 237 (599 SE2d 129) (2004) (holding that the defendants "acquiesced in the proceedings [occurring in their absence] when their counsel made no objection and [the defendants] thereafter remained silent after the subject was brought

9

to their attention"); *Fuller v. State*, 277 Ga. 505, 506 (2) (591 SE2d 782) (2004) (defendant acquiesced by failing to object after being informed of trial court's communications with jury outside his presence); *Hanifa v. State*, 269 Ga. 797, 807-808 (6) (505 SE2d 731) (1998) (defendant waived right to be present by failing to object after being informed of trial judge's meeting with the jury outside presence of defendant and counsel). Accordingly, this claim of error fails.

3. Although Nesby does not challenge his sentence on Count 6, we note that Count 6 of his sentencing form reflects that he was sentenced for "possession of a firearm by a convicted felon," but Count 6 of his indictment alleged that he committed "possession of a firearm by a first-offender probationer." During the oral pronouncement of the sentence, however, the trial court sentenced Nesby on Count 6 using only the count number, without reference to the underlying crime charged, and the scrivener's error did not appear to have an effect on the sentence imposed. Accordingly, we remand the case for the trial court to correct the scrivener's error in

Nesby's written sentence on Count 6. See *Russell v. State*, ___ Ga.

___ (848 SE2d 404, 417 (4) (b)) (2020).

*Judgment affirmed in part and remanded in part. Melton, C. J., Nahmias, P. J., and Boggs, Peterson, Warren, Ellington, and McMillian, JJ., concur.*